*555 OPINION OF THE COURT
Chief Judge Breitel.
Plaintiff Graphic Arts Mutual, the automobile liability insurer of Chimes Cake Co., seeks a declaratory judgment that defendant Bakers Mutual, the workers’ compensation and employer’s liability carrier, is solely responsible, under the terms of the insurance policies, for third-party recoveries in a personal injury action involving Chimes and two of its employees. The Appellate Division, reversing a ruling that Graphic alone is responsible, held that both Graphic and Bakers must provide coverage. Only Graphic appeals.
The dispute between insurers, submitted on stipulated facts, arises out of a two-vehicle collision in which Wacht, an employee of Chimes Cake Co., sustained personal injuries. Wacht was a passenger in a truck owned by his employer and driven by a coemployee, Carr, when the truck collided ;with a vehicle owned by Armor Elevator Co. and operated by one Jarnatowski. For present purposes it is accepted that both vehicles had been operated negligently.
There are two issues, each involving limitations in the Graphic automobile policy. The first concerns the exclusion for bodily injury of an employee arising out of employment by the insured. At issue is whether the employer’s vicarious liability for the concurrent negligence of its employee, Carr, is within the exclusion when, on the third-party complaint of a nonemployee joint tort-feasor the employer is subject to comparative or equitable apportionment for injuries sustained by its employee, Wacht (see Dole v Dow Chem. Co., 30 NY2d 143, 148-149; CPLR art 14). Assuming such vicarious liability is not one for bodily injury of an employee arising out of employment by the insured, also at issue is whether it is an excluded "obligation for which the insured * * * may be held liable under” the Workers’ Compensation Law.
 There should be an affirmance. An employer’s vicarious or derivative liability to a third-party tort-feasor for the bodily injuries sustained by one employee due to the negligence of a coemployee does not necessarily arise out of employment by the insured. Even though the injured party be an employee, the employer’s obligation to contribute a coemployee’s apportioned share of liability for negligence to a third-party nonemployee joint tort-feasor arises, instead, out of the third party’s independent right to seek comparative or equita *556 ble apportionment under the Dole-Dow doctrine. Nor does the Workers’ Compensation Law require the employer to contribute to the nonemployee joint tort-feasor the share of damages apportioned to the coemployee joint tort-feasor. The conclusion that neither exclusion in the Graphic policy relieves Graphic of its obligation to cover the derivative liability of Chimes, moreover, is in consonance with a functional analysis of separate lines of insurance. It makes sense that an automobile liability policy cover obligations arising out of operation of the automobile.
Wacht, the injured employee, brought a personal injury action against the owner and operator of the second vehicle, Armor and Jarnatowski, who, in turn, served a third-party complaint on Carr and Chimes. In the third-party claim "indemnification or contribution”, based on the concurrent negligence of the coemployee Carr and the derivative liability of the owner and employer Chimes, was sought.
At the time of the collision, Graphic was Chimes’ automobile liability insurer, and Bakers its workers’ compensation and employer liability carrier. To settle a dispute between the two insurers as to which one, under the terms of the insurance policies, was responsible for any judgment against Chimes and Carr, Graphic brought this declaratory judgment action.
In the interim the underlying tort action by Wacht was settled for $125,000. Seventy-five percent of the settlement was to be paid by Armor and Jarnatowski, and the remaining 25%., or $31,250, by either Graphic or Bakers. As noted, the Appellate Division held that under the terms of their respective policies both insurers were obligated to indemnify Chimes against the third-party claims. Since no appeal has been taken by Bakers, only the obligation of Graphic is at issue.
In disclaiming responsibility, Graphic relies on two exclusions in its policy. Paragraphs (d) and (e) provide that the policy does not apply:
"(d) under coverage A [bodily injury liability], to bodily injury * * * of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen’s compensation law, or (2) other employment by the insured.
"(e) under coverage A, to any obligation for which the *557 insured or any carrier as his insurer may be held liable under any workmen’s compensation * * * law.”
Turning first to paragraph (d), no support is offered or perceived for the conclusion of the Appellate Division that the words "other employment” refer to incidental or nonregular employment by the insured. In context, the term "other” in clause (2) serves to include all employees not covered in clause (1), that is, all but domestic employees (see City of Albany v Standard Acc. Ins. Co., 7 NY2d 422, 431).
It is then argued by Graphic that since Chimes’ liability on the third-party claim is ultimately one for bodily injuries sustained by the employee Wacht, it arises out of "other employment by the insured” and is therefore not covered by the Graphic policy. Paragraph (d), no doubt, relieves the automobile liability carrier from direct liability as an insure for injuries sustained by employees, other than domestics not covered by any workers’ compensation law, whether caused by a stranger or a coemployee (see City of Albany v Standard Acc. Ins. Co., supra, pp 431-433). This accords with the general prohibition of a tort right of action by a covered employee against his employer, or for that matter against his coemployee (Workers’ Compensation Law, § 11). It does not follow, however, that every liability of the employer triggered somehow by injuries sustained by a covered employee, in this case Wacht, is excluded.
The right under the Dole-Dow doctrine to seek equitable apportionment based on relative culpability is not one intended for the benefit of the injured claimant. It is a right affecting the distributive responsibilities of tort-feasors inter sese. (See Dole v Dow Chew. Co., 30 NY2d 143, 152-153, supra; CPLR art 14.) It is elementary that injured claimants may still choose which joint tort-feasors to include as defendants in an action and, regardless of the concurrent negligence of others, recover the whole of their damages from any of the particular tort-feasors sued (see Kelly v Long Is. Light. Co., 31 NY2d 25, 30; 2A Weinstein-Korn-Miller, NY Civ Prac, par 1401:04; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 1404:1, p 381). Thus, to urge on behalf of Graphic that the third-party claim against Chimes assumes legally the color of the claim of Wacht does not withstand analysis.
Chimes may not be directly liable for injuries sustained by its employee Wacht. It may be, and was, however, liable to *558 a third party for the third party’s suffering liability for negligence concurred in by Chimes’ employee, Carr. So, too, Graphic may not be directly liable for injuries sustained by its insured’s employee, in this case Wacht. But, it is liable for recovery against its insured where the concurrent negligence of its employee Carr exposes the insured to equitable apportionment under the Dole-Dow doctrine at the suit of a joint tort-feasor. This is just as it would have been had a stranger been the injured party in the principal tort action.
As a practical matter, Graphic should be responsible for the damages paid by Chimes. Applying a functional analysis to separate lines of insurance, and an insurance policy should be read in light of the role it is to play, it makes sense that the automobile liability carrier not exclude from coverage liabilities sustained by the insured owner in connection with operation of the automobile.
Similarly unavailing is Graphic’s resort to paragraph (e), which excludes "any obligation for which the insured * * * may be held liable under any workmen’s compensation * * * law”. That Chimes is obligated to Wacht, as a covered employee, under the Workers’ Compensation Law is undisputed. As noted by the Appellate Division, however, the liability at issue is not one owed to Wacht, but to third parties for the apportioned negligence of a coemployee of Wacht. Even though it is an employee who is injured, the Workers’ Compensation Law does not require the employer to contribute to a nonemployee joint tort-feasor the share of damages apportioned to the coemployee tort-feasor.
In sum, then, neither exclusion paragraph relieves Graphic of its responsibility to provide coverage for accidental bodily injuries arising out of Chimes’ ownership of the truck. In thus concluding, there is agreement with the relevant determinations at the Appellate Division and at Special Term, which held Graphic responsible for the equitable apportionment of liability between the third-party tort-feasors and Carr, and, vicariously, Carr’s employer under principles of respondeat superior. There is no necessary agreement with all of their reasoning, or with their comments upon issues not before this court on the present appeal. In passing it is noted that the Appellate Division accurately read the opinion in Rogers v Dorchester Assoc. (32 NY2d 553) as holding that the rule of Dole v Dow Chem. Co. (30 NY2d 143, supra) did not extend to apportionment of liability between one vicariously *559 liable and the one primarily liable. Nothing there suggested, however, that the apportionment rule was not applicable as between one vicariously liable and a third-party tort-feasor.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.