OPINION OF THE COURT
Wachtler, J.
The question on these appeals is whether an employer’s general liability policy containing an exclusion for “any obligation of the insured to indemnify another because of damages arising out of” personal injury to an employee relieves the carrier of liability when the employer is sued for contribution pursuant to Dole v Dow Chem. Co. (30 NY2d 143). In the County of St. Lawrence case the trial *494 court held the exclusion inapplicable to suits for contribution but the Appellate Division, Third Department, reversed. The county appeals on the basis of the reversal. In the Dayton Tool company case both the trial court and the Appellate Division held for the insured and the carrier appeals by leave of the Appellate Division.
THE COUNTY OF ST. LAWRENCE CASE
In August, 1979 George Donnelly, employed by St. Lawrence County in the CETA program, was injured while operating a saw in the course of his employment at a local college. He sued the college and Rockwell International Power Tools, the manufacturer of the saw. They in turn brought third-party actions against the county seeking indemnification or contribution in the event Donnelly recovered in the main action.
The county sent notice of the suit to the defendant, Traveler’s Insurance Co., which had issued a general liability policy to the county in May of 1979. The carrier, however, notified the county that it was disclaiming liability for the “third party lawsuit” pursuant to “Exclusion (j)”. That exclusion states that the policy does not apply “to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury”.
The county then commenced this declaratory judgment action claiming that the carrier is obligated under the policy to defend and indemnify the county in the third-party suit. The case was submitted to the court on stipulated facts.
The trial court held that the indemnity exclusion was inapplicable to third-party actions based on the Dole-Dow doctrine because they seek contribution not indemnification. The court noted that the Appellate Division, Second Department, had reached a contrary result in Green Bus Lines v Consolidated Mut. Ins. Co. (74 AD2d 136), but distinguished the case on the ground that the insurance policy there had gone into effect prior to the Dole decision. Here the court noted that the contract had been issued in 1979 when the case law and legislation initiated by Dole *495 recognized indemnification and contribution as “separate and distinct concepts, with commonly accepted meanings”. Thus the court concluded that the exclusion only relieved the carrier of the obligation to compensate the insured for any recovery based on indemnification. Accordingly, judgment was entered for the plaintiff to the extent of finding that the carrier was obligated to defend the third-party action and to compensate the plaintiff for any recovery based on contribution within the limits of the policy.
The Appellate Division, Third Department, reversed noting that (86 AD2d, at p 94) “[precisely identical exclusionary language was considered in” the Green Bus Lines case, and was held to relieve the carrier of liability for this type of third-party action. The court observed: “While plaintiff would have us distinguish Green Bus on the ground that the insurance policy there was issued before the Dole decision, a factor given some weight by the court, the overriding consideration was that ‘[a] Dole recovery * * * is merely a form of indemnification which [the exclusion clause] should be construed to include within its ambit’ ”. (86 AD2d, at p 95.)
THE DAYTON TOOL CASE
In June, 1978 Hans Brandt, an employee of Dayton Tool & Die Works, lost his left arm while operating a power press manufactured by Gulf and Western Corp. He sued the manufacturer who in turn brought a third-party action against Dayton Tool seeking full indemnity or, in the alternative, contribution for any recovery Brandt may obtain
Dayton Tool sent notification of the suit to the Insurance Co. of North America which had issued a general liability policy to the employer in September of 1977. The carrier subsequently disclaimed liability relying on “Exclusion (j)”, which is identical to the clause at issue in the companion case. The carrier also commenced this declaratory judgment action claiming that because of the exclusion it was not obligated to defend or provide coverage in the third-party action.
The carrier moved for summary judgment but the court granted summary judgment to the insured employer hold *496 ing that the “indemnity exclusion” did not apply to suits for contribution. The court made no effort to distinguish the Green Bus Lines case and dismissed the holding as being “in direct contravention” of two decisions of this court (Rock v Reed-Prentice Div. of Package Mach. Co., 39 NY2d 34; Riviello v Waldron, 47 NY2d 297) which it held clearly show “that New York courts have traditionally treated contribution and indemnification as separate issues”.
The Appellate Division, First Department, affirmed, without opinion, and, as noted, granted the insurance company leave to appeal to this court.
Initially we note that the insurance companies’ arguments do not rest on the first portion of the exclusion which provides that the policy does not apply “to bodily injury to any employee of the Insured arising out of and in the course of his employment by the Insured”. Although it has been urged in other cases that an employer’s liability in a third-party action based on the Dole case is “ultimately” for bodily injury to an employee and thus encompassed within this portion of the exclusion, or a similarly worded provision, we have found such a broad interpretation unacceptable. The reason, we have noted, is because conceptually the Dole case does not render the employer directly responsible to the employee; it only affects the employer’s liability to third parties (Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N. Y., 45 NY2d 551, 556-558).
Thus in the cases now before us we are only concerned with the second portion of the exclusion which exempts from coverage “any obligation of the insured to indemnify another because of damages arising out of such injury”. Although this speaks only of indemnity and makes no express reference to contribution the carriers urge that it nevertheless includes any obligation on the part of the insured to reimburse a third party pursuant to the Dole case. This argument is based on the assumption that the Dole decision merely established a right of “partial indemnification” and stresses the fact that in the Dole opinion we indicated that the newly announced right would have this “effect” (see Dole v Dow Chem. Co., supra, at p 147).
*497 A similar observation was made in the Green Bus Lines case where, as noted, the Appellate Division, Second Department, held that an identically worded exclusion relieved the insurance company of any obligation to defend or pay a third-party claim based on Dole. That conclusion, however, was qualified by the fact that the policy in that case had gone into effect in 1970, two years prior to the Dole decision, so that the parties could not be said to have specifically intended to either include or exclude liability for such a suit. Under the circumstances the Appellate Division there found that the “indemnity exclusion” was not ambiguous because it evidenced a clear intent “to exclude from coverage the only type of derivative liability which the law then provided * * * namely common-law full indemnity”. (74 AD2d, at p 151.) The court also observed that even after the Dole decision was handed down, “during the term of the policy”, some authorities concluded that it represented an extension of the judicial indemnity theory and not an alteration of the rules of contribution which were then fixed by statute.[1]
Whatever confusion may have initially existed concerning the nature of a Dole apportionment was dispelled by the time the policies in the cases now before us were issued. In 1973 we noted in Rogers v Dorchester Assoc. (32 NY2d 553, 564-566) that the right of apportionment announced in Dole had no application to a claim for indemnity. In 1974 the Legislature codified the Dole principle by expressly expanding the right of contribution (L 1974, ch 742; CPLR 1402; see, also, General Obligations Law, § 15-108). Indeed this is not the first time it has been urged in this court that Dole merely establishes a right of partial indemnification. In 1976 we rejected such an argument in Rock v Reed-Prentice Div. of Package Mach. Co. (39 NY2d 34, supra). There we discussed at some length the distinction between *498 contribution and indemnity and explained that the reference to “partial indemnification” in the Dole decision served only as an analogy. Thus when the policies at issue on these appeals were issued in 1977 and 1979 contribution was not recognized as a form of indemnification and a clause which only excluded from insurance coverage an obligation to “indemnify” would not also exclude liability for a claim seeking apportionment under the Dole case.
The . carriers argue nevertheless that the history of the clause shows that it was intended to exclude coverage for Dole recoveries. They note that within a few months of the Dole decision it was submitted to the Superintendent of Insurance as an amendment to the standard exclusion, accompanied by a memorandum indicating that it was intended “to avoid court decisions that have held * * * that the exclusion does not apply to situations where an employee of the insured recovers against a third party who in turn brings an action against the insured”. The change was approved effective January 1,1973. The employers, on the other hand, claim that the amendment was one of many changes adopted nationwide in general liability policies in 1972, and cannot be said to have been specifically intended to exclude contribution claims since most States did not recognize a right of contribution at that time. Indeed, as the Green Bus Lines case shows, the identical clause was employed in this State prior to Dole, and thus was evidently designed to eliminate the risk of common-law indemnification claims, the only basis for third-party liability then recognized at law. In any event the intent of the insurance company is not controlling when, as here, the words used in the policy do not adequately convey that intent.
Finally the carriers note that an insurance policy is not a statute and its terms should generally be construed as they would be understood by the ordinary person or customer (see, e.g., Johnson Corp. v Indemnity Ins. Co. of North Amer., 7 NY2d 222). It is suggested that the average business person would consider the word “indemnify” to be synonymous with “reimburse” and “would, upon reading the policy be convinced that no coverage existed for third party actions for injuries to his employees, without regard *499 to the theory of liability there asserted”. If that is what was meant it could easily have been stated in those terms. Undoubtedly such a statement would have been more informative to the layman than the cryptic use of the term “to indemnify” assuming, as the carrier claims, that the exclusion was intended to be read in ordinary terms, and not in any technical legal sense. But, even accepting that assumption, the interpretation suggested is not the only reasonable interpretation of the exclusion clause. In common parlance “to indemnify” also means “to insure”, thus conveying the impression, even to one not familiar with the law, that the exclusion[2] would only apply if the employer had agreed to insure another’s losses.
In sum, the broad reading suggested by the carriers does not accurately state the law (cf. Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N. Y., supra, at pp 556, 558) and, at best, simply reveals a potential ambiguity in the contract which, under settled principles, must be resolved against the insurance companies which drafted the policy (see, e.g., Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., 34 NY2d 356).
Accordingly, in County of St. Lawrence v Travelers Ins. Cos., the order of the Appellate Division, Third Department, should be reversed, with costs, and the order of the Supreme Court reinstated. In Insurance Co. of North Amer. v Dayton Tool & Die Works, the order of the Appellate Division, First Department, should be affirmed, with costs.

. Although we subsequently denied the insured’s motion for leave to appeal in that case (52 NY2d 701), that denial, of course, is entitled to no precedential value (Matter of Marchant v Mead-Morrison Mfg. Co., 252 NY 284, 297-298). We note, however, that in seeking leave Green Bus Lines did not contend that the Appellate Division erred in equating contribution with indemnity under the peculiar facts of that case. It urged instead that the exclusion only applied to obligations to indemnify and not to claims for indemnification, and thus did not apply to this case because there had been a judgment in the defendant’s favor in the main action. It was also urged that the Appellate Division erred in affirming on a theory different from that relied on by the trial court.

. (See, e.g., Webster’s New World Dictionary [2d Coll ed (1970)]; American Heritage Dictionary of the English Language [1970]; Longman Dictionary of Contemporary English [1978].)