FOURTH DEPARTMENT, JANUARY, 1983

(January 21, 1983)

■ DONNA W. WEEKS, as Administrator of the Estate of JAMES M. WEEKS, JR., Deceased, Plaintiff, v COUNTY OF ONEIDA et al., Defendants. (And Two Other Actions.) COUNTY OF ONEIDA, Third-Party Plaintiff-Appellant, v GRAPHIC ARTS MUTUAL INSURANCE COMPANY, Third-Party Defendant-Respondent, and JOHN HEALD et al., Appellants. — Order unanimously reversed, without costs, and judgment granted in accordance with the following memorandum: The County of Oneida and two of its supervisory employees, Hoehn and Burdick, were named as defendants in wrongful death actions resulting from the death of three county employees who were preparing for dynamite blasting at a gravel site owned by codefendants John and Florence Heald. Also named as defendants were Francis Fisher, an independent contractor in charge of blasting operations, and Stanley and Stephen Lenart, owners and operators of the dump trucks used in the gravel operation. Defendants Heald, Fisher and Lenart filed cross claims against the county and it employees Hoehn and Burdick. Graphic Arts Mutual Insurance Company (Graphic Arts), the county's liability carrier, took the position that it was not obliged to defend or indemnify the county either in the wrongful death actions or on the cross claims inasmuch as they are specifically excluded under the policy. The county then brought a third-party action seeking a declaration that Graphic Arts is obligated to defend and indemnify on the cross claims. Special Term entered an order for Graphic Arts dismissing the third-party actions and the county appeals. We hold that Graphic Arts has a duty to defend and indemnify the county and its employees, Hoehn and Burdick, who are named as additional insureds under the policy. The comprehensive general liability insurance policy in effect between the parties contained the following exclusion: "This insurance does not apply * * * (j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the insured under an incidental contract". It is not seriously disputed that Graphic Arts does not have a duty to defend or indemnify the county on the wrongful death actions since those risks are specifically within exclusion (j). However, the county urges that (j) does not exclude an obligation to defend and indemnify under a cross claim seeking apportionment of damages pursuant to *Dole v Dow Chem. Co.* (30 NY2d 143). In *Insurance Co. of North Amer. v Dayton Tool & Die Works* and a companion case, *County of St. Lawrence v Travelers Ins. Cos.* (57 NY2d 489) the Court of Appeals construed the exact language employed in clause (j) so as not to exclude liability for contribution, holding that apportionment of liability under *Dole* is qualitatively discrete from partial indemnification. That case is determinative of the issue here and mandates that Graphic Arts defend and indemnify the county on the cross claims. Additionally, unlike exclusion (j), the exclusion under the additional insured provision of the policy is silent in regard to the insurer's obligation to defend and indemnify on cross claims. We therefore conclude that Graphic Arts has a duty to defend and indemnify Hoehn and Burdick on the cross claims independent of its duty to defend the county (see *Greaves v Public Serv. Mut. Ins. Co.*, 5 NY2d 120, 124). In view of our determination on exclusion (j), we need not determine whether an incidental contract was in effect between the county and codefendants Heald which would give rise to a separate duty to defend and indemnify. Were we to reach this issue, we would conclude that the

evidence advanced by the county failed to support the existence of such a contract. (Appeals from order of Supreme Court, Oneida County, Donovan, J. — declaratory judgment.) Present — Dillon, P. J., Doerr, Denman, Moule and Schnepp, JJ.