■ AMERICAN WHITE CROSS LABORATORIES, INC., Appellant, v NORTH RIVER INSURANCE COMPANY, Respondent. — Order of the Supreme Court, New York County (Alvin Klein, J.), entered on April 15, 1983, which denied the fourth-party plaintiff American White Cross Laboratories, Inc.'s (American) motion for summary judgment and granted the fourth-party defendant North River Insurance Co.'s (North River) cross motion to dismiss the complaint with leave to American to replead a cause of action for indemnification, if so advised, is unanimously reversed, on the law, with costs, and American's motion for summary judgment is granted and North River's cross motion to dismiss the complaint is denied. ¶ Concluding that the fourth-party action by American against North River was one for contribution between joint tort-feasors and that since North River was not a joint tort-feasor, there could be no recovery by way of contribution (General Obligations Law, § 15-108; CPLR 401), Special Term granted North River's cross motion to dismiss the complaint, but granted leave to replead a cause of action for indemnification. ¶ The circumstances giving rise to this action may be briefly stated as follows: ¶ Vincent Yeager, an employee of American, was injured in an accident that occurred during the course of his employment. Yeager commenced an action in the United States District Court against the manufacturer and servicer of the machine which allegedly caused his injury, and the manufacturer, in turn, brought a third-party action against American, alleging American's concurrent negligence and seeking indemnification for any recovery that Yeager might obtain against it. At the time, American was insured by the State Insurance Fund (the State Fund) under a workers' compensation policy and was also insured by North River under a general liability insurance policy. American notified both North River and the State Fund of the claim against it and the State Fund undertook the defense of the action pursuant to the terms of its workers' compensation policy. The State Fund demanded acknowledgment from North River of its coinsurance status and agreement to reimburse the State Fund for one half of the expenses incurred in defense of the lawsuit as well as one half of any sums the State Fund was called on to pay in satisfaction of a judgment against American. North River rejected this demand and disclaimed liability under the coverage exclusions of its policy. North River cited coverage exclusions of its policy. North River cited coverage exclusions (G) and (H) which provide in pertinent part: "(G) * * * this insurance does not apply to any obligation for which the insured or any carrier as his insurer may be held liable under Workers' Compensation, Unemployment Compensation or Disability Benefits Law or under any similar law * * * (H) * * * this insurance does not apply to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured". American thereupon commenced a fourth-party action for contribution against North River. The Federal action was settled for $62,500, of which the State Fund paid $25,000 on behalf of American. A stipulation was entered into, which, *inter alia,* severed

the fourth-party action and remanded it for determination to the Supreme Court, New York County. The motions referred to above ensued. ¶ The question here is not whether American and North River are joint tort-feasors such as would give rise to a right of contribution under section 15-108 of the General Obligations Law, but rather whether American's liability is a risk covered by its policy with North River. Put differently, the issue is whether or not the exclusions relied upon by North River insulate it from American's claims. We hold they do not. The Court of Appeals has held that: "An employer's vicarious or derivative liability to a third-party tort-feasor for the bodily injury sustained by one employee due to the negligence of a coemployee does not necessarily arise out of employment by the insured. Even though the injured party be an employee, the employer's obligation to contribute a coemployee's [or its own] apportioned share of liability for negligence to a third-party nonemployee joint tort-feasor arises, instead, out of the third party's independent right to seek comparative or equitable apportionment under the *Dole-Dow* doctrine. Nor does the Workers' Compensation Law require the employer to contribute to the nonemployee joint tort-feasor the share of damages apportioned to the coemployee joint tort-feasor." (*Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co.,* 45 NY2d 551, 555-556 [bracketed material not in original].) ¶ North River's reliance on exclusion (G) is unavailing. American's obligation here does not arise "under Workers' Compensation, Unemployment Compensation or Disability Benefits Law", but rather as a result of its apportioned liability to the manufacturer of the offending machine for the liability suffered by the manufacturer resulting from the negligence concurred in by American. Nor does North River fare any better under exclusion (H) "Although it has been urged * * * that an employer's liability in a third-party action based on the *Dole* case is 'ultimately' for bodily injury to an employee and thus encompassed within" exclusions such as that contained in North River's policy, in *Insurance Co. v Dayton Tool & Die Works* (57 NY2d 489, 496) the Court of Appeals found "such a broad interpretation unacceptable. The reason * * * is because conceptually the *Dole* case does not render the employer directly responsible to the employee; it only affects the employer's liability to third parties (*Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N. Y.,* 45 NY2d 551, 556-558)". Concur — Kupferman, J. P., Sandler, Sullivan, Kassal and Alexander, JJ.