■ KATHLEEN IAMELE et al., Appellants, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent. — Order and judgment reversed, on the law, with costs, and motion denied. Memorandum: Plaintiffs, Kathleen and John Iamele, appeal from an order and judgment declaring that defendant, Nationwide Mutual Insurance Co. (Nationwide), has no duty to defend and indemnify Kathleen in a third-party action for contribution. The case arises out of an automobile accident in which Kathleen was driving an automobile owned by her husband John and was involved in a collision with a vehicle operated by Linda Nevil. John Iamele was insured by defendant, Nationwide, for "comprehensive" as well as "property damage and injury liability" coverage. The policy excluded coverage for "injury to or destruction of property owned by, rented to, in the charge of or transported by the person entitled to protection". ¶ John Iamele sued Linda Nevil for property damage to his vehicle and Nevil instituted a third-party action against Kathleen Iamele seeking contribution on the ground that any damage to John's vehicle was due solely to the negligence of Kathleen. ¶ Nationwide refused to defend Kathleen in the third-party action on the ground that Nevil's third-party claim was actually one for damage to John's car and that therefore the policy exclusion was applicable. It is true that the exclusion would relieve the insurer from direct liability for damage to John's automobile. However, Linda Nevil is not asserting any right of John's to recover for damage to the car but rather her own right to equitable apportionment. It is well established that "[t]he right under the *Dole-Dow* doctrine to seek equitable apportionment based on relative culpability is not one intended for the benefit of the injured claimant. It is a right affecting the distributive responsibilities of tort-feasors *inter sese* * * * Thus, to urge on

behalf of [Nationwide] that the third-party claim against [Kathleen] assumes legally the color of the claim of [John] does not withstand analysis" (*Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co.,* 45 NY2d 551, 557; see *Insurance Co. v Dayton Tool & Die Works,* 57 NY2d 489, 496; *Weeks v County of Oneida,* 91 AD2d 1165). ¶ All concur, except O'Donnell and Moule, JJ., who dissent and vote to affirm, in the following memorandum.

O'Donnell and Moule, JJ. (dissenting). We respectfully dissent and would affirm Special Term's order and judgment declaring that respondent insurance company has no duty to defend and indemnify the plaintiff. We do not believe that the rule of *Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co.* (45 NY2d 551) applies here since the policy was written for the protection of the policyholder and not to provide affirmative relief. (Appeal from order and judgment of Supreme Court, Monroe County, Rosenbloom, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, O'Donnell and Moule, JJ.