■ JOSE RAMIREZ et al., Appellants, v UNITED STATES FIDELITY AND GUARANTEE COMPANY, Respondent, et al., Defendants.—In an action for a judgment declaring the rights and obligations of the parties under a policy of insurance, the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Wood, J.), dated September 9, 1985, which, upon granting a motion of the defendant United States Fidelity and

Guarantee Company (hereinafter USF&G) for summary judgment, dismissed the complaint insofar as it is asserted against it.

Ordered that the appeal by the plaintiff Ramirez is dismissed, for failure to perfect the same in accordance with the rules of this court (see, 22 NYCRR 670.20 [f]); and it is further,

Ordered that on the plaintiff Millman's appeal the judgment is modified, on the law, by adding a provision declaring that the subject policy excludes from coverage any obligation of the insured for contribution to another because of damages arising out of bodily injury to any employee of the insured arising out of and in the course of his employment by the insured; as so modified, the judgment is affirmed (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901); and it is further,

Ordered that the respondent is awarded one bill of costs payable by the plaintiff Millman.

On July 15, 1983, Anthony Ramirez was killed when a concrete patio slab collapsed as he was excavating soil during the construction of a swimming pool. His estate commenced an action to recover damages for wrongful death and conscious pain and suffering against his employers, Larry Rowe and Robert Schanzer, doing business as Leisure Pool Service, and against Samuel Millman, the owner of the property on which the excavation had taken place. Millman cross-claimed against the employers for indemnification and contribution.

Although the employers did not have workers' compensation coverage, they did have a comprehensive general liability insurance policy in effect on the date of the accident. However, the insurer USF&G disclaimed coverage for Millman's cross claim on the basis of the exclusion contained in the following amendatory endorsement to the policy:

"It is agreed that the exclusion relating to bodily injury to any employee of the insured is replaced by the following:

"This insurance does not apply to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify or contribute with another because of damages arising out of such injury, but this exclusion does not apply to liability assumed by the insured under an incidental contract."

The decedent's estate and Millman thereafter commenced this action against USF&G and the employers for a judgment declaring that the foregoing endorsement did not exclude

coverage with respect to Millman's cross claim in the underlying action. The Supreme Court, Rockland County, granted summary judgment in favor of the defendant USF&G and dismissed the complaint as against it, holding that "[t]he clear meaning of the exclusory [sic] endorsement is that the general liability insurance coverage extended by the policy herein does not include injuries to any employee arising out of or in the course of employment * * * or claims for indemnification or contribution arising from such injury".

We conclude that the Supreme Court's determination of the meaning of the language of the amendatory endorsement was correct. It is, of course, fundamental that an exclusion from coverage "must be specific and clear in order to be enforced" *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311), and an ambiguity in an exclusionary clause must be construed most strongly against the insurer *(Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.,* 60 NY2d 390, 398; *Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356, 361). However, an unambiguous policy provision must be accorded its plain and ordinary meaning *(Sanabria v American Home Assur. Co.,* 68 NY2d 866, 868, *rearg denied* 69 NY2d 707), and we may not disregard the plain meaning of the policy's language in order to find an ambiguity where none exists *(Acorn Ponds v Hartford Ins. Co.,* 105 AD2d 723, 724). Here, the plain meaning of the amendatory endorsement was to relieve the insurer of liability when its insured was sued for contribution under CPLR article 14, because of damages arising out of bodily injury to its employee suffered in the course of employment *(cf., Insurance Co. v Dayton Tool & Die Works,* 57 NY2d 489).

In accordance with our determination, we modify the judgment appealed from by adding thereto a provision giving effect to the exclusion contained in the amendatory endorsement *(see, Lanza v Wagner, supra).* Bracken, J. P., Lawrence, Eiber and Spatt, JJ., concur.