■ AMERICAN MOTORIST INSURANCE COMPANY, Respondent, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant.—In an action by one insurer against another insurer to recover moneys expended in the defense of an insured in a third-party action, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered May 6, 1988,

which, upon an order granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against it in the sum of $26,919.63, with interest thereon from March 22, 1983.

Ordered that the judgment is modified by (1) reducing the sum awarded from the principal sum of $26,919.63, to the principal sum of $25,529.24; and (2) deleting the date of March 22, 1983, governing interest, and substituting therefor the date of April 4, 1984; as so modified, the judgment is affirmed, without costs and disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment.

Contrary to the defendant's contentions, the record supports the Supreme Court's determination that the nature of the cause of action interposed against the plaintiff's insured in an underlying personal injury action was one, *inter alia,* for contribution as specifically recounted in the third-party complaint against the insured in the underlying action. Accordingly, the defendant, which is charged with the obligation of establishing the validity of its disclaimer *(see, Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 425), may not rely on a provision excluding coverage for obligations of its insured "to indemnify another" *(see, Insurance Co. v Dayton Tool & Die Works,* 57 NY2d 489). Further, the conclusory assertions of the defendant to the effect that a settlement payment to the plaintiff in the underlying action was attributable to the insured's obligation to indemnify, fail to raise triable issues of fact. We note in this respect that the settlement agreement between the plaintiff in the underlying action and the insured indicates that the settling parties contemplated that the suit against the main defendant in the underlying action would continue; this suggests that the settlement payment was in the nature of contribution.

We further conclude that, under the circumstances presented, the defendant's liability for counsel fees commenced on June 29, 1983, the date upon which it was tendered a copy of the third-party complaint against its insured *(cf., Allstate Ins. Co. v Consolidated Mut. Ins. Co.,* 35 AD2d 535). Consequently, the judgment should be reduced by the sum of $1,390.39, constituting one half of the legal expenses incurred in the defense of the insured prior to June 29, 1983.

Finally, the judgment erroneously provides for the accrual of interest from March 22, 1983, rather than from April 4, 1984, the date upon which the plaintiff stipulated to the

payment of the settlement *(see,* CPLR 5001 [b]). Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.