■ NORTH RIVER INSURANCE COMPANY, Appellant, v UNITED NATIONAL INSURANCE COMPANY, Respondent.—Order of the Supreme Court, New York County (Herman Cahn, J.), entered on or about December 6, 1988, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the complaint reinstated and this matter remanded to IAS Part 18 for further proceedings consistent herewith.

This action arises out of an injury sustained by one Thomas Gilson while employed by Summit Hoisting Corporation (Summit), the sole business of which is to supply, erect and dismantle hoists used by other contractors engaged in construction work. Mr. Gilson was injured while dismantling a hoist used in the construction of a building at 2600 Netherland Avenue in The Bronx for which Starrett Brothers & Eken (Starrett) was the general contractor.

Both plaintiff North River Insurance Company (North River) and defendant United National Insurance Company (United) insured Summit, North River as the workers' compensation carrier and United as the general liability insurance underwriter. North River defended Summit in an action brought by the Gilsons against Starrett, the general contractor, in which Summit was named as the third-party defendant. This action was settled by North River for $588,245 plus waiver of a workers' compensation lien of $79,839.57. Disbursements under the settlement were made not to Starrett, but directly to the Gilsons. North River's payment was made pursuant to its obligation under section 1B of its workers'

compensation policy, covering any amounts the insured is legally obliged to pay as a result of an injury to an employee sustained in the course of his employment.

United disputes any liability to Summit under its policy. However, the record shows that the hoist Thomas Gilson was dismantling was rented to I. Rosen & Sons, another subcontractor working at the site. United's comprehensive general liability insurance rider provides coverage for "Contractors' Equipment (excluding automobiles)—rented to others without operators—including installation, repair or removal." Thus, the injury to Gilson, sustained in the course of removing scaffolding rented to I. Rosen & Sons, is covered by the policy unless otherwise exempted. Among the listed exclusions is one providing that coverage does not apply "(j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the insured under an incidental contract".

The effect of the exclusion for any obligation "to indemnify another because of damages arising out of" personal injury was the subject of an appeal in *Insurance Co. v Dayton Tool & Die Works* (57 NY2d 489). The Court of Appeals held the exclusion inapplicable to claims for contribution, emphasizing that "a clause which only excluded from insurance coverage an obligation to 'indemnify' would not also exclude liability for a claim seeking apportionment under the *Dole* case" *(supra,* at 498; *see, Dole v Dow Chem. Co.,* 30 NY2d 143). Significantly, it characterized as "cryptic" the use of the word "indemnify" in the exclusion clause stating, "In common parlance 'to indemnify' also means 'to insure', thus conveying the impression, even to one not familiar with the law that the exclusion would only apply if the employer had agreed to insure another's losses" *(Insurance Co. v Dayton Tool & Die Works, supra,* at 499).

The gravamen of United's argument is that while its clause does not apply to exclude third-party claims for contribution, it nevertheless operates to exclude claims for indemnification. The Court of Appeals comments in *Dayton Tool (supra),* however, do not support this contention. The court stressed that the confusion created by the use of the term "indemnify" in the exclusion clause "simply reveals a potential ambiguity in the contract which, under settled principles, must be resolved against the insurance companies which drafted the policy (see,

e.g., *Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356)" (57 NY2d 489, 499, *supra).*

Applying the strict construction suggested in *Dayton Tool (supra)* to the facts of this case, United's exclusionary clause (j) only operates to exclude liability for Starrett's third-party indemnification claim if it is premised upon Summit's promise to "insure" (viz., indemnify) Starrett against loss resulting from an injury to Summit's employee. United does not dispute the absence of any agreement on the part of Summit to indemnify any party defendant. Therefore, both insurance policies cover Summit's third-party liability to Starrett *(Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co.,* 58 AD2d 397), and summary judgment should have been granted in favor of plaintiff North River and the matter set down for a hearing to apportion the loss between the parties. Concur— Murphy, P. J., Milonas, Kassal, Wallach and Rubin, JJ.