STANLEY KIMBALL et al., Doing Business as KIMVALE FARMS, Appellants, v CHAUTAUQUA PATRONS' INSURANCE ASSOCIATION, Respondent.—

It is well established that policy language excluding liability for bodily injury to an employee is not specific enough to exclude liability on a third-party claim for contribution or apportionment *(see, Insurance Co. v Dayton Tool & Die Works,* 57 NY2d 489; *Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co.,* 45 NY2d 551; *North Riv. Ins. Co. v United Natl. Ins. Co.,* 152 AD2d 500; *American White Cross Labs. v North Riv. Ins. Co.,* 101 AD2d 780; *Weeks v County of Oneida,* 91 AD2d 1165; *cf., Ramirez v United States Fid. & Guar. Co.,* 133 AD2d 146, 147, where language excluding " 'any obligation of the insured to indemnify or contribute with another because of damages arising out of such injury' " was found to be specific enough).

Defendant contends, however, that the language "liability * * * resulting from bodily injury" in the subject policy should be construed to include third-party claims for contribution and indemnity, citing, as authority, *Matter of Consolidated Mut. Ins. Co. (Arcade Cleaning Contrs.—Superintendent*

*of Ins.)* (60 NY2d 1, 5), which upheld a determination that statutory language, "liability * * * 'arising out of the death or injury' ", was sufficiently broad to include claims for contribution or indemnification. Reliance upon the *Consolidated* decision is misplaced. That case dealt with statutory construction, and the court specifically observed that the rules of construction, the language used, and the context in which the language was used were materially different from the construction of insurance contract provisions *(see, Matter of Consolidated Mut. Ins. Co. [Arcade Cleaning Contrs.—Superintendent of Ins.], supra,* at 10). Use of the words, "liability arising out of bodily injury" is not sufficient to include third-party claims for contribution or apportionment *(see, Insurance Co. v Dayton Tool & Die Works,* 57 NY2d 489, *supra; Lumbermens Mut. Ins. Co. v Lumber Mut. Ins. Co.,* 148 AD2d 328, 329), and we perceive no reason to reach a different conclusion for the language used in the subject policy.

Accordingly, we modify the order to grant partial summary judgment declaring that the policy exclusion asserted as a basis for defendant's disclaimer does not apply to the third-party action for contribution asserted against plaintiffs. (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J.—summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Pine and Balio, JJ.