**NATIONAL CASUALTY COMPANY,**
Plaintiff,

v.

**CITY OF POUGHKEEPSIE, Defendant.**

**No. 92 Civ. 3338 (VLB).**

United States District Court,
S.D. New York.

Feb. 18, 1993.

Monte J. Rosenstein, Rosenstein & Helhoski, Middletown, NY, for plaintiff insurer.

Barry Kaufman, Asst. Corp. Counsel, City of Poughkeepsie, Poughkeepsie, NY, for defendant City.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This case, in which jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332, involves an accident entailing injury to a police officer employed by the defendant City of Poughkeepsie

("City"). The officer sued the County of Dutchess for alleged failure to maintain roads properly. The County brought a third party claim against the City for allegedly inadequate training of the police and for other breaches of duty. The County's claim was not as such a claim for personal injury, although it was intended to offset any liability the County might have to the officer as a result of the officer's personal injury.

National Casualty Company ("the insurer"), plaintiff here, had issued an insurance policy to the City. The insurer seeks summary judgment declaring that its policy does not cover the City for liability of this kind: it relies upon exclusions in the policy which were allegedly triggered by the identity of the tort plaintiff as a City police officer, and upon the fact that the injuries were covered by workers' compensation.

The City does not contest the insurer's position that declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202 would be in the interest of both parties by establishing greater certainty in their legal relations. See *Continental Casualty Co. v. Coastal Savings Bank*, 977 F.2d 734 (2d Cir.1992). Instead, the City, in turn, has moved for summary judgment seeking a declaration that under the policy the insurer is responsible for any recovery obtained by the County against the City growing out of the injuries to the police officer.

I grant the City's application for summary judgment.

## II

■ Workers' compensation is designed to provide employees with limited financial protection without regard to fault against the consequences of job-related injuries. Employers pay for workers' compensation, and that payment is deemed part of the cost of doing business; the employers are by law then insulated from tort liability to their employees for such job-related injuries. This historic trade-off is outflanked where employees are able to sue third parties who in turn can implead the employer, which thus becomes liable in tort for amounts indirectly flowing from employee injuries covered by compensation.

The problem is difficult and intractable. Workers' compensation laws do not deny employees the right to sue third parties who injure them, and legislatures do not seem to have yet considered imposing restraint in this area. Once a third party is sued, it is difficult and appears counter to natural justice to deny that party a right to claim over against anyone else, including the employer, who may be primarily or partially responsible for the injury.

In this diversity of citizenship case, New York State law is applicable.[1] New York legislators have enacted exceptions to the exclusivity of workers' compensation in specialized situations such as the construction industry, permitting recovery of tort damages against employers failing to provide safe workplaces under circumstances defined in specific statutes such as New York Labor Law §§ 200, 240 and 241. See generally *Adkins v. Trezins*, 920 F.2d 164 (2d Cir.1990); *Dole v. Dow Chemical Co.*, 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972). While the existence of such legislation in specific areas may indicate a disposition to respect exclusivity in other contexts, it does not provide an avenue for doing so.

Thus insurers and their policyholders are at sea concerning how risks of duplicate costs, allocable to workers' compensation and tort recoveries, can be avoided or allocated. It is important that if there is to be

1. This dilemma has also arisen in cases involving federally enacted workers' compensation laws. See generally *Eagle–Picher Industries v. United States*, 937 F.2d 625, 631 (D.C.Cir.1991), discussing *Ryan Stevedoring Co. v. Pan–Atlantic SS Corp.*, 350 U.S. 124, 133, 76 S.Ct. 232, 237, 100 L.Ed. 133 (1956); *Jones & Laughlin Steel v. Pfeifer*, 462 U.S. 523, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983); *Edmonds v. Compagnie Generale*, 443 U.S. 256, 99 S.Ct. 2753, 61 L.Ed.2d 521 (1979); King, *The Exclusiveness of an Employee's Workers' Compensation Remedy Against [the] Employer*, 55 Tenn.L.Rev. 405 (1988); Larson, *Workmen's Compensation: Third Party's Action Over Against Employer*, 65 Nw.U.L.Rev. 351, 368–69 (1970); Proudfoot, *"The Tar Baby": Maritime Personal Injury Indemnity Actions*, 20 Stan.L.Rev. 423 (1968) (concerning 33 USC § 905).

an avoidance or allocation of such duplicate costs, it be effected consistently with state statutory and case law which reflects concern with the need to deter unsafe practices on the part of employers.[2]

I conclude that this problem cannot be resolved by expansive construction of exclusions in insurance policies, such as that at issue in the present case, which do not by their terms exclude liability to third parties under such circumstances.

## III

The insurer's affirmation in support of its motion for summary judgment (second and third unnumbered pages) cites provisions of the policy it issued to the City excluding 1) claims for which workers' compensation would apply and 2) "PERSONAL INJURY ... sustained by any ... law enforcement officer of the [City] directly or indirectly related to his employment by the [City] ..."

In this diversity case, New York law applies to interpretation of this language. In similar if not identical circumstances, New York's highest court has held that an insurer, not liable for an employee's claims against an employer by virtue of an exclusion similar to that in the instant case, may nevertheless be held liable to a third party who is in turn liable to the employee. In *Graphic Arts Mutual Ins. Co. v. Bakers Mutual Ins. Co.*, 45 N.Y.2d 551, 558, 410 N.Y.S.2d 571, 575, 382 N.E.2d 1347 (1978), the State Court of Appeals indicated that although a carrier "may not be directly liable for injuries sustained by its insured's employee ... it is liable for recovery against its insured ... just as it would have been had a stranger been the injured party in the principal tort action."

Moreover, the New York courts hold that where an exclusion in an insurance policy is unclear, the carrier as the one responsible for the language, cannot rely on it. If, in the policy issued to the City, the language of the exclusion clause had been intended to bar coverage of claims against the City by third parties as well as by injured employees, the New York courts would take into account that the exclusion "could easily have been stated in those terms." *Insurance Co. of North America v. Dayton Tool & Die Works*, 57 N.Y.2d 489, 499, 457 N.Y.S.2d 209, 213, 443 N.E.2d 457 (1982).

■ Where an insurance policy "reveals a potential ambiguity in the contract" it must "under settled principles, be resolved against the insurance companies which drafted the policy ..." *Id.* See also *Societe Generale v. Fed. Ins. Co.*, 856 F.2d 461 (2d Cir.1988); *Blair v. Metropolitan Life Ins. Co.*, 974 F.2d 1219, 1221-2 (10th Cir.1992).

Consequently, I grant judgment declaring that the National Casualty Company policy issued to the City of Poughkeepsie covers liability for breaches of duty which the City may be found to owe to third parties which in turn have been sued for personal injuries by police officer employees of the City.

In granting this declaration, I do not hold, directly or by indirection that the City or its insurer are properly held indirectly responsible to the County or to the plaintiff in the underlying tort case. The insurer remains free, in the course of its defense of the case, to raise any contentions available to it which might exonerate both it and the City from liability because of the effect of exclusiveness of workers' compensation under state law.[3]

**2.** See N.Y. Labor Law §§ 200, 740.

**3.** For example, there is nothing in the declaration granted in the present case which would preclude the carrier from arguing that if employer responsibility with regard to an injury is established, then the portion of any award for which the employer is to be held responsible must be deducted from amounts recoverable by the employee, directly or indirectly.

Put another way, I leave the carrier free to argue that if its insured is found to be responsible in whole or in part for an accident causing personal injury to a police officer covered by workers' compensation, the City and hence the carrier have a workers' compensation exclusivity defense which protects them from direct or indirect liability by also protecting a third party from liability to the extent of sums which could be recoverable from the City or its insurer.

I express no opinion as to the validity of these or any other arguments in the tort case, which I merely leave the carrier free to advance.

The latitude accorded the insurer to defend both its policyholder (the City) and itself in such a manner that if the insurer's argument was successful both would be exonerated does not, however, permit the insurer to take positions which would exonerate the insurer while leaving the City liable. For the insurer to take such a position would amount to abandoning its policy and the insured, contrary to the declarations I make in this memorandum order.

### IV

Because this is a declaratory judgment suit and the declarations contained in this memorandum order constitute the relief to be granted, I treat this memorandum order as a separate document constituting final judgment pursuant to Fed.R.Civ.P. 58. The clerk is directed to enter it as a judgment and to close the case.

SO ORDERED.