■ WHITE PLAINS CITY SCHOOL DISTRICT BOARD OF EDUCATION, Appellant, v MERCHANTS MUTUAL INSURANCE COMPANY et al., Respondents, et al., Defendants. [639 NYS2d 431] ■

The plaintiff commenced the instant action against numer-

ous general liability insurance carriers, *inter alia,* for a judgment declaring that the insurance carriers are obligated to defend and indemnify it in an underlying negligence action entitled *Denslow v City of White Plains,* commenced by the husband of a deceased employee who had contracted cancer, allegedly from exposure to asbestos while teaching in the White Plains City school system. The defendants Northern Insurance Company of New York and Merchants Mutual Insurance Company moved for summary judgment on the ground that exclusionary clauses in their respective policies excluded claims for "bodily injury to any employee of the insured arising out of and in the course of his employment by the insured". In opposition, the plaintiff submitted proof that the Workers' Compensation Board had denied workers' compensation benefits to the deceased on the ground that her disease had not "arisen in the course of [her] employment". The Supreme Court initially determined that the language of the exclusions was ambiguous and denied the summary judgment motions on the ground that there was a question of fact as to whether the exclusions were applicable.

However, on reargument, the Supreme Court agreed with the defendants that the exclusionary clauses of the insurance policies should not be construed in terms of the Workers' Compensation Law. Moreover, the court indicated that even if the relevant language was construed in the context of Workers' Compensation case law, the claimed injury would have to be the result of a distinctive feature of the kind of work performed by the claimant and others similarly employed, or an "occupational disease", not an injury caused by the peculiar place in which the claimant happens to work (*see, Matter of Paider v Park E. Movers,* 19 NY2d 373). Accordingly, the court held that the meaning of the term "course of employment" as construed by the Workers' Compensation Board was much narrower than its meaning in the exclusions. Thus, there was no conflict between the decision of the Workers' Compensation Board and the language of the exclusions. The court vacated its previous order and granted summary judgment to both defendants, dismissing the complaint and all cross claims insofar as they are asserted against them.

The New York courts have specifically held that exclusionary clauses containing the exact or similar language to the language in the instant policies were plain and unambiguous. Therefore, the courts must give such clauses their plain and ordinary meaning (*see, Commissioners of State Ins. Fund v Insurance Co.,* 80 NY2d 992; *see also, Ramirez v United States*

*Fid. & Guar. Co.,* 133 AD2d 146). Under the facts of this case, and applying the broad language of the exclusionary clauses, coverage of the underlying claims is precluded as a matter of law. Santucci, J. P., Krausman, Goldstein and Florio, JJ., concur.