AMANDA MCDONALD et al., Individually and as Parents and Natural Guardians of MADELINE POWER, an Infant, Respondents, v LOU FARINA, Appellant. [988 NYS2d 830]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered July 16, 2013. The order denied the motion of defendant for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by their daughter as a result of her ingestion of lead paint in an apartment owned by defendant. Defendant appeals from an order denying his motion for summary judgment dismissing the complaint. Contrary to defendant's contention, he failed to meet his initial burden on the motion, and we therefore conclude that Supreme Court properly denied it.

The complaint, insofar as relevant here, alleged that defendant was negligent in his ownership and maintenance of the premises by allowing the dangerous lead paint condition to exist, and that defendant knew, or should have known, that the dangerous condition existed. Defendant, as the party seeking summary judgment, bore the initial burden of establishing that he did not have actual or constructive notice of the dangerous condition, or a reasonable opportunity to remedy it, prior to the time that plaintiffs' daughter allegedly ingested the lead paint (*see generally Pagan v Rafter*, 107 AD3d 1505, 1507 [2013]; *Hines v Double D & S Realty Mgt. Corp.*, 106 AD3d 1171, 1172-1174 [2013], *lv denied* 22 NY3d 852 [2013]; *Williamson v Ringuett*, 85 AD3d 1427, 1428-1429 [2011]). Defendant contends that he met his initial burden of demonstrating that he had no actual or constructive notice of the peeling lead-based paint before plaintiffs' daughter exhibited elevated lead levels in her blood and, therefore, he did not have a reasonable opportunity to remedy the condition. We reject that contention. With respect to actual and constructive notice, "[t]he [five] factors set forth in *Chapman v Silber* (97 NY2d 9, 20-21 [2001]) remain the bases for determining whether a landlord knew or should have known of the existence of a hazardous lead[-]paint condition and thus may be held liable in a lead[-]paint case" (*Watson v Priore*, 104 AD3d 1304, 1305 [2013], *lv dismissed in part and denied in part* 21 NY3d 1052 [2013]). Inasmuch as the evidence that defendant submitted in support of his motion failed to eliminate all triable issues of fact with respect to the five *Chapman* factors, we conclude that the court properly denied the motion, "regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Present— Smith, J.P., Centra, Carni, Whalen and DeJoseph, JJ.