# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1013**
**CA 14-00099**
PRESENT: CENTRA, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

MAISHA JACKSON, AS PARENT AND NATURAL GUARDIAN
OF KIAYRA JUNE, AN INFANT UNDER THE AGE OF
EIGHTEEN, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

HELENA VATTER, INDIVIDUALLY, AND AS
ADMINISTRATRIX OF THE ESTATE OF HAROLD VATTER,
DECEASED, DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

SCHNITTER CICCARELLI MILLS PLLC, EAST AMHERST (PATRICIA S. CICCARELLI
OF COUNSEL), FOR DEFENDANT-APPELLANT.

LIPSITZ & PONTERIO, LLC, BUFFALO (ZACHARY J. WOODS OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered May 7, 2013 in a personal injury action. The order denied the motion for summary judgment brought by defendant Helena Vatter, individually and as administratrix of the Estate of Harold Vatter.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries allegedly sustained by her infant child as a result of the child's exposure to hazardous lead paint conditions on certain properties in Rochester, New York, including property owned by Helena Vatter (defendant) and her deceased husband. We conclude that Supreme Court properly denied defendant's motion for summary judgment. Although defendant established as a matter of law that she lacked actual notice of any hazardous lead paint condition on the property she owned, we conclude that there is a triable issue of fact whether she had constructive notice of such a hazard.

In the absence of proof that an out-of-possession landlord had actual notice of the existence of a hazardous lead paint condition, a plaintiff can establish that the landlord had constructive notice of such condition by showing that the landlord: "(1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the

premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (*Chapman v Silber*, 97 NY2d 9, 15).

We note that defendant appears to have conceded before the motion court the second *Chapman* factor, i.e., that the house at issue was constructed at a time before lead-based interior paint was banned. We further note that defendant's contention concerning the first *Chapman* factor was not properly before the motion court inasmuch as defendant raised that contention for the first time in her reply submissions (*see Korthas v U.S. Foodservice, Inc*., 61 AD3d 1407, 1408; *Walter v United Parcel Serv., Inc*., 56 AD3d 1187, 1188). The only factors at issue on appeal, therefore, concern the third, fourth, and fifth factors. Even assuming, arguendo, that defendant met her initial burden of establishing as a matter of law that she lacked constructive notice of a lead paint hazard at the premises, we conclude that plaintiff raised issues of fact with respect to those three factors (*see generally Zuckerman v City of New York*, 45 NY2d 557, 562). Specifically, with respect to the third and fifth factors, plaintiff submitted evidence from which it may be inferred that defendant knew that paint was peeling on the premises and that a young child resided there (*see Jackson v Brown*, 26 AD3d 804, 805). With respect to the fourth factor, we conclude that plaintiff also raised an issue of fact whether defendant knew of the hazards of lead-based paint to young children (*see id.*). Notably, plaintiff submitted evidence establishing that defendant subscribed to local Rochester newspapers, and that those newspapers had carried a number of articles about the hazards of lead-based paint to young children. Inasmuch as defendant failed to eliminate all triable issues of fact with respect to the five *Chapman* factors, we conclude that the court properly denied the motion (*see McDonald v Farina*, 119 AD3d 1432, 1433; *see generally Heyward v Shanne*, 114 AD3d 1212, 1214).

Defendant's remaining contentions are not properly before us inasmuch as they were either raised for the first time in reply submissions before the motion court or are raised for the first time on appeal (*see Korthas*, 61 AD3d at 1408; *Drisdom v Niagara Falls Mem. Med. Ctr.*, 53 AD3d 1142, 1143).

Entered:  October 3, 2014                        Frances E. Cafarell
                                                Clerk of the Court