# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1238**
**CA 15-00612**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

DARREN DAVIS AND SHAQUITA DAVIS,
PLAINTIFFS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

RICHARD BRZOSTOWSKI, LINDA BRZOSTOWSKI,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

FELDMAN KIEFFER, LLP, BUFFALO (ALAN J. BEDENKO OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

ATHARI & ASSOCIATES, LLC, NEW HARTFORD (ANDREW BOUGHRUM OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County
(Christopher J. Burns, J.), entered January 21, 2015. The order
denied the motion of defendants Richard Brzostowski and Linda
Brzostowski for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of the motion of
defendants-appellants with respect to plaintiff Darren Davis and
dismissing the complaint against them to that extent, and as modified
the order is affirmed without costs.

Memorandum: Plaintiffs, Darren Davis (Darren) and Shaquita Davis
(Shaquita), commenced this action seeking damages for injuries
allegedly sustained as a result of their exposure to hazardous lead
paint conditions on multiple properties in Buffalo, New York.
Defendants-appellants (defendants) moved for summary judgment
dismissing the complaint against them. We conclude that Supreme Court
properly denied the motion with respect to Shaquita, but erred in
denying it with respect to Darren, and we therefore modify the order
accordingly.

We agree with defendants that Darren's action against them must
be dismissed inasmuch as the two causes of action asserted against
them do not allege any injury on behalf of Darren. In any event, even
assuming, arguendo, that Darren had asserted a cause of action against
defendants herein, we conclude that there is no evidence in the record
that Darren had an elevated blood lead level during his tenancy at
defendants' premises. Without such evidence, Darren "[can]not
prevail" (*Cunningham v Anderson*, 85 AD3d 1370, 1374, *lv dismissed in*

*part and denied in part* 17 NY3d 948), and the unsupported, conclusory opinion of plaintiffs' expert on this issue was insufficient to raise a triable issue of fact (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544).

Although defendants established as a matter of law that they lacked actual notice of any hazardous lead paint condition on the property they owned, we conclude that there are triable issues of fact whether they had constructive notice of such a hazard.  In the absence of proof that an out-of-possession landlord had actual notice of the existence of a hazardous lead paint condition, a plaintiff can establish that the landlord had constructive notice of such condition by showing that the landlord:  "(1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (*Chapman v Silber*, 97 NY2d 9, 15).

The only factors at issue on appeal are the third and fourth factors.  Even assuming, arguendo, that defendants met their initial burden of establishing as a matter of law that they lacked constructive notice of a lead paint hazard at the premises, we conclude that Shaquita raised issues of fact with respect to those two factors (*see generally Zuckerman v City of New York*, 45 NY2d 557, 562).  Specifically, with respect to the third factor, Shaquita "submitted evidence from which it may be inferred that defendant[s] knew that paint was peeling on the premises" (*Jackson v Vatter*, 121 AD3d 1588, 1589) and, with respect to the fourth factor, "we conclude that [Shaquita] . . . raised an issue of fact whether defendant[s] knew of the hazards of lead-based paint to young children" (*id.*). "Inasmuch as defendant[s] failed to eliminate all triable issues of fact with respect to the five *Chapman* factors, we conclude that the court properly denied the motion" with respect to Shaquita (*id.*). Contrary to defendants' contention, " 'any inconsistency between the [testimony of plaintiffs' mother] . . . and her affidavit [submitted in opposition to the motion] presents a credibility issue to be resolved at trial' " (*Larkin v Rochester Hous. Auth.*, 81 AD3d 1354, 1356).

Contrary to defendants' further contention, the court properly denied that part of the motion seeking summary judgment dismissing Shaquita's claim for negligent abatement of the lead paint hazard inasmuch as there are triable issues of fact whether defendants' abatement work was negligently performed, thereby leading to additional injuries after defendants received notice from the Erie County Department of Health (*see generally Pagan v Rafter*, 107 AD3d 1505, 1506-1507).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court