Jasen, J.
Empire Mutual seeks to sustain a determination below which upheld its claim for reimbursement from the Special Disability Fund for all payments made to the claimant beyond 104 weeks, pursuant to section 15 (subd. 8) of the Workmen’s Compensation Law.
In 1960, the claimant sustained severe injuries. It is conceded that the claimant had been previously injured while working for the same employer and that the earlier injury had resulted in some residual permanent defects which created a physical handicap to employment.
Respondent Empire Mutual Insurance Company, as Workmen’s Compensation insurance carrier for the employer, made payments to the claimant for the second injury for 186-4/5 weeks. A third-party action, instituted by the claimant against several defendants, was settled for $130,000. Empire Mutual made a contribution of $29,000 towards the settlement under paragraph IB of its insurance policy providing the employer with common-law liability coverage, and, in addition, waived its compensation lien.
The decision of the Compensation Board[1], affirmed by the Appellate Division, directed Special Fund to reimburse the insurance carrier for .the payments made by it to the claimant beyond the statutory retention period of 104 weeks.
*149 Special Fund argues, and we agree, 'that where the insurance carrier has a lien upon the proceeds of a third-party action for the amount of the compensation paid and agrees to waive that lien as part of its share towards the settlement of the third-party action, it may not then seek to recover from Special Fund the payments made by the carrier beyond the statutory retention period of 104 weeks.
Under such circumstances, the insurance carrier, in voluntarily waiving its lien for the total amount of the compensation paid to the claimant, is not entitled to reimbursement from the Special Fund.
Generally, once a recovery is made by the claimant from a third-party tort-feasor, the carrier need only exercise its statutory rights as a lienor to recover the payments made by it to the claimant. (Workmen’s Compensation Law, § 29.) In the event the lien is not satisfied in full, the carrier may turn to the Special Fund to make up any deficiency that arose subsequent to the 104th week
In the present case, however, the compensation insurance carrier is also the employer’s liability carrier by virtue of paragraph IB of its insurance policy. In this second capacity, as liability carrier, Empire Mutual actively participated in the third-party action settlement by contributing $29,000 in addition to waiving its lien for the payments made by it as compensation carrier.[2]
It is evident that Empire Mutual’s cash settlement as liability carrier was reduced by the total amount of payments made previously by it as compensation carrier. If two separate carriers had been involved, the liability carrier for the employer Would undoubtedly have been required to contribute a greater amount than $29,000, in order to satisfy the lien filed by the compensation carrier. Under such circumstances, assuming Empire Mutual was the compensation carrier, it would be reimbursed in full from the proceeds of the third-party settlement and Special Fund would not be involved. Here, Empire Mutual, acting in dual capacities, was fully reimbursed for its compensation payments to claimant by having its payments as liability Carrier correspondingly reduced. To allow Empire Mutual. *150 reimbursement under such circumstances would be, in effect, a windfall.
Accordingly, the order of the Appellate Division should be reversed, with costs against respondents Employer and Carrier, and the claim for reimbursement from the Special Disability Fund under section 15 (subd. 8) dismissed.
Chief Judge Fuld and Judges Burke, Sozleppi, Bergan and Breitel concur; Judge Gibson taking no part.
Order reversed, etc.

. The Workmen’s Compensation Board based its decision on a misconstruction of Matter of Dougherty v. Quakenbush Waverly Stage Co. (8 N Y 2d 1095). That case stands for the proposition that a carrier, having paid 104 weeks of compensation and being subsequently reimbursed for it, is not again required to pay the claimant for 104 weeks before seeking reimbursement from the Special Fund.

. These payments totaled approximately $20,000..