OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the plaintiff, Employers Insurance of *977 Wausau (hereinafter referred to as Wausau), for an order granting it summary judgment for the relief requested in the complaint, that is, 50% reimbursement of the settlement figure in the underlying action as well as 50% of the defense costs.
The defendants oppose the motion and cross-move for an order restricting plaintiff’s recovery to $125,000 plus costs and interest.
The underlying action is a declaratory judgment action brought by plaintiff to determine the rights and liabilities of the parties with respect to settlement of a personal injury action which arose out of an accident occurring on September 30, 1976 when one Frank Rayno was seriously injured while working on a construction site. Rayno was an employee of Sage Garage, the general contractor on the job. Wausau provided workers’ compensation and employer’s liability insurance coverage to Sage Garage while defendants provided general liability insurance coverage.
Rayno commenced a lawsuit against the owner of the premises and several subcontractors. Sage Garage was brought in as a third-party defendant. Wausau insured Sage Garage for employer’s liability coverage under coverage B of its workers’ compensation policy. This coverage has no limits. General Accident insured Sage Garage for general liability with a limit of $500,000. Wausau provided a defense for Sage Garage and notified General Accident of the lawsuit and demanded that General Accident afford coverage to Sage Garage, participate in the defense of the action and in the payment of any settlement or judgment. General Accident retained an attorney who was present each day of the trial and expressly approved the settlement of $500,000. Plaintiff Wausau paid the settlement of $500,000 and brought this declaratory judgment action for the recovery of 50% of its contribution to settlement and defense costs.
Defendants admit being apprisedxof the settlement and that they have contributed nothing toward the settlement, but indicate they are willing to pay a share of the settlement but that 50% would be an unfair result in this case because of the vast difference in the coverages afforded by Wausau as employer’s liability carrier and General Accident as the general liability carrier. They contend that the percentage of payment assessed against them should be 50% of their potential liability, or $125,000.
*978 This court cannot agree with the contentions of the defendant General Accident. Wausau’s policy states that its liability will be measured by the ratio of its liability (amount payable) had no other insurance existed, to the liability (amount payable) under the General Accident policy had no other insurance existed. That is, each carrier would contribute its pro rata share based not upon aggregate limits but upon aggregate liability. The "other insurance” provision in the Wausau policy provides for contribution by equal shares up to the limit of the other carrier. Since Wausau’s coverage is unlimited, apportionment under this provision would result in equal contribution up to the limits of the other policy; in this case, one half of $500,000. This conclusion is both logical and fair and the plaintiffs motion for summary judgment is granted. Defendants’ cross motion is denied.