■ AETNA CASUALTY AND SURETY COMPANY, Appellant, v LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent.—Order unanimously reversed on the law with costs and motion granted. Memorandum: Plaintiff, Aetna Casualty and Surety Company (Aetna), and defendant, Lumbermens Mutual Casualty Company (Lumbermens), are coinsurers of John W. Cowper Co., Inc. (Cowper). Lumbermens denied contractual liability coverage for the payment of a personal injury claim against Cowper. A settlement agreement was entered into between claimant and the two insurers whereby Aetna, which admitted liability coverage, would pay the full amount of settlement and reserve the right to seek a judicial determination of the obligation of both insurers. Thereafter, Aetna commenced this declaratory judgment action. Included in its complaint was a demand for interest. This court determined that there was coverage under Lumbermens' policy and that Lumbermens and Aetna were equally liable for the amount of the settlement (136 AD2d 246, *lv denied* 73 NY2d 701). Following entry of this court's order, Lumbermens paid Aetna $83,250 (one half of the settlement), but refused to pay Aetna any interest. Aetna moved to recover interest on the moneys it paid for that portion of the settlement which was lawfully

Lumbermens' obligation. The trial court denied the motion and Aetna now appeals from that order.

The agreement between Aetna and Lumbermens may be construed as an agreement that Aetna advance to Lumbermens any share of the settlement for which Lumbermens might be found responsible. An obligation to pay interest on an advance of money must be expressed or implied in fact or else it does not exist; it is not implied as a matter of law *(New York State Thruway Auth. v Hurd,* 25 NY2d 150, 158). When Aetna paid the full amount of the settlement, there was no express agreement that Lumbermens pay interest on any principal amount it was responsible to pay but, under the circumstances, we find that such an agreement was implied.

Here, the commercial context of the transaction supplies the necessary implication of interest *(see, New York State Thruway Auth. v Hurd, supra,* at 157-158; *Rodgers v Clement,* 162 NY 422). At the time the settlement agreement was entered into, Lumbermens received a substantial benefit in that, without the expenditure of any of its own moneys, its insured was released from liability and its own liability became fixed. During the period between the time of the settlement and the time of the determination that Lumbermens was equally liable for the loss, Aetna was deprived of the use of the moneys it paid on Lumbermens' behalf. The only method to compensate Aetna for this deprivation is to include interest on the amount of moneys paid by Aetna on Lumbermens' behalf *(see, Prager v New Jersey Fid. & Plate Glass Ins. Co.,* 245 NY 1, 5-6; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5001.01). (Appeal from order of Supreme Court, Erie County, Joslin, J.—interest on judgment.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.