■ COMMISSIONERS OF THE STATE INSURANCE FUND, Respondent-Appellant, v INSURANCE COMPANY OF NORTH AMERICA, Appellant-Respondent.—Order, Supreme Court, New York County (Beverly Cohen, J.), entered April 20, 1990, which granted the plaintiff's motion for summary judgment as to its first cause of action but denied it as to its second cause of action, and denied the defendant's cross-motion for summary judgment dismissing the complaint, unanimously modified, on the law to grant the defendant's cross-motion for summary judgment to the extent of dismissing the second cause of action, and otherwise unanimously affirmed, without costs.

This is an action by an insurer to recover another insurer's pro rata contribution to a settlement paid in a personal injury action entitled *Brown v 44-55 Assocs.* (Bronx County Index No. 41929/86), wherein an injured employee brought an action against the owners of the site where he was injured. The defendants brought a third-party claim for indemnification against, *inter alia,* the injured plaintiff's employer.

The plaintiff Insurance Fund covered that employer on a workers' compensation policy and on a separate employer's liability policy. The defendant herein was a co-insurer on employer's liability coverage, which included a "plain English" exclusion for claims arising out of an employee's injury.

The IAS court properly concluded that there was an ambiguity as to whether or not this exclusion encompassed contribution and indemnity, since the defendant did not provide for the exclusion in clear and unmistakable language *(Clarostat Mfg. Co. v Travelers Indem. Co.,* 115 AD2d 386). Ambiguities are to be resolved against the insurer, particularly as to exclusion clauses *(see, North Riv. Ins. Co. v United Natl. Ins. Co.,* 152 AD2d 500, *lv dismissed* 75 NY2d 865). We find no reason not to follow the rules of construction favoring the insured where the exclusion clause is in conformity with the "plain language" requirements of Insurance Law § 3102.

Whether defendant is responsible for half of a workers' compensation lien waived by the plaintiff in the *Brown* settlement presents no triable issue. There is no liability as a matter of law. This is not a case where a claim for the waived lien is made by a workers' compensation insurer against a co-insurer under workers' compensation *(cf., Matter of Bertone v La Cal Causle Corp.,* 26 NY2d 147). Concur—Sullivan, J. P., Milonas, Wallach, Ross and Kassal, JJ.