NORTH RIVER INSURANCE COMPANY, Appellant-Respondent, v UNITED NATIONAL INSURANCE COMPANY, Respondent-Appellant.

First Department, December 3, 1991

APPEARANCES OF COUNSEL

*William H. Morris* of counsel *(Gerald P. McMorrow* with him on the brief; *Morris, Graham, Stephens & McMorrow,* attorneys), for appellant-respondent.

*Mark S. Moroknek* of counsel *(Ayers & Thompson, P. C.,* attorneys), for respondent-appellant.

## OPINION OF THE COURT

MILONAS, J.

In a prior appeal in this action, this court determined both insurers' policies covered the third-party liability of the insured, Summit Hoisting Corp., to Starrett Brothers and Eken arising out of injuries suffered by Summit employee, Thomas Gilson. We remanded the matter for an apportionment of the loss [152 AD2d 500]. The personal injury action was settled by payment on July 26, 1982 by North River Insurance Co. (North River) of $588,245 to Gilson, plus waiver of its workers' compensation lien of $79,839.57. Counsel for United National Insurance Company (United), having knowledge of North River's contention that they were coinsurers of the same risk, was present at the time the settlement stipulation was read into the record and agreed that the settlement was fair and reasonable, without prejudice to United's right to deny coverage. In defense of the insured, North River expended $6,826 in attorneys' fees and disbursements and United expended $750. United's general liability coverage had a limit of liability of $300,000 per person and per occurrence. North River's workers' compensation coverage had no fixed limitation on the amount thereof. Each policy contained an "other insurance" clause. North River's provided: "If the insured has other insurance against a loss covered by this policy, the company shall not be liable to the insured hereunder for a greater proportion of such loss than the amount which would have been payable under this policy, had no such other insurance

existed, bears to the sum of said amount and the amounts which would have been payable under each such other policy applicable to such loss, had each such policy been the only policy so applicable."

United's "other insurance" clause provided:

"When both this insurance and other insurance apply to the loss on the same basis * * * the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

"(a) Contribution by Equal Shares. If all of such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

"(b) Contribution by Limits. If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

On cross motions for summary judgment, Supreme Court found prorated contribution based upon policy limits in this case, in which one insurer's policy had no fixed limit of liability, would be inappropriate and arbitrary, and therefore, apportioned responsibility for insurers' loss on an "equitable", equal basis, up to the limit of United's $300,000 coverage. It was also found that North River's waiver of its workers' compensation lien was an element of the cost of settlement, for which the general liability carrier United could be held responsible. Also on "equitable" grounds, albeit unelaborated, interest was assessed to run only from July 27, 1989, the date of this court's order on the prior appeal determining United to be a coinsurer. With respect to attorneys' fees, the decision of the court appears to have rejected an offset of North River's expenses by United's expenditure of $750 for such purposes on the ground that the amount of the proposed offset was de minimis. However, the order settled thereon did not address

the amount of defense costs at all, and merely directed entry of judgment in North River's favor in the amount of $300,000 (United's limit of liability) plus interest from July 27, 1989.

■ Preliminarily, it is necessary to clarify and limit the loss as to which the parties are coinsurers. This court has recently held that, in similar circumstances in which a general liability carrier and a workers' compensation carrier are coinsurers of a loss which might include waiver of the workers' compensation carrier's lien, the general liability carrier, never having assumed the risk of workers' compensation coverage, is not to be held responsible for any portion of the waived lien *(Commissioners of State Ins. Fund v Insurance Co.,* 173 AD2d 423). Therefore, North River is solely responsible for the waiver of its $79,839.57 workers' compensation lien. Defense costs are, of course, subject to apportionment in this instance of concurrent insurance, but the amounts of such expenditures traditionally are not included in calculating the insurers' respective shares of liability, as such amounts are not subject to policy limitations. Instead, such defense costs should be apportioned by a percentage determined independently of such expenditures *(see, Travelers Ins. Co. v General Acc., Fire & Life Assur. Corp.,* 28 NY2d 458, 462-463; *Canal Ins. Co. v Ranger Ins. Co.,* 489 F Supp 492, 497-498).

The issue presented as to apportionment of these insurers' liability for the $588,245 settlement payment is a novel one. North River's "other insurance" clause plainly provides for pro rata, not equal, contribution. Moreover, despite the absence of any limit upon North River's workers' compensation coverage, the formula set out by its "other insurance" clause can be easily applied; indeed, it is apparent the clause was written with the fact that such coverage had no fixed limit in mind. Quite simply, it is not to be liable "for a greater proportion of such loss than the amount which would have been payable under this policy, had no such other insurance existed [$588,245], bears to the sum of said amount and the amounts which would have been payable under each such other policy applicable to such loss [$588,245 plus $300,000]". This ratio results in the fraction .6623, which is North River's share under its own "other insurance" clause.

United's "other insurance" clause has two alternative parts, the first of which plainly does not apply as the "other valid and collectible insurance", in this case, North River's policy, does *not* provide for contribution by equal shares. Thus, the second alternative provision of United's "other insurance"

clause applies and this too calls for pro rata, not equal, contribution. The problem arises from the formula set forth thereunder in the circumstances of the absence of any fixed limitation of liability of the other collectible insurance, the North River policy. United is not to be liable "for a greater proportion of such loss than the applicable limit of liability under this policy for such loss [$300,000] bears to the total applicable limit of liability of all valid and collectible insurance against such loss [$300,000 plus North River's 'applicable limit of liability']."

North River argues that United's policy cannot be applied and/or is meaningless in these circumstances, so that the loss should be borne equally. It is patent, however, that equal division of the loss was not the intention of the draftsmen of either policy. In the construction of insurance policies, as with all contracts, the courts are to give effect to the parties' intent *(see, Davis v De Frank,* 33 AD2d 236, *affd* 27 NY2d 924)*. In these circumstances, we would interpret "the applicable limit of liability" of North River's policy to be, within the meaning of United's "other insurance" clause, the amount North River paid out in this settlement. Certainly, North River's "applicable limit of liability" in this instance is *no less* than $588,245. This interpretation produces a ratio of $300,000 to $888,245, or the fraction of .3377, as United's share of the loss under United's "other insurance" clause. Thus, there is no inconsistency in the application of the "other insurance" clauses of the two policies. Both clauses produce the result of $198,650.33 as United's share of the settlement payment to Gilson.

Even were we to find United's "other insurance" clause could not be applied and/or was meaningless in these circumstances, due to the absence of a stated limit upon North River's coverage, we would not perceive this to be a basis to relieve North River of the consequences of its *own* "other insurance" clause. Under no view of this matter could it be considered to be a case of two applicable "other insurance" clauses pointing to diametrically opposite results, such that it might be held that the two clauses cancel each other out *(see, Federal Ins. Co. v Atlantic Natl. Ins. Co.,* 25 NY2d 71)*.

Supreme Court and North River have relied upon the case of *Employers Ins. v General Acc., Fire & Life Assur. Corp.* (134 Misc 2d 976) in support of an equal apportionment herein. The case is indeed the only New York decision bearing some similarity to the one at hand. There, a workers' compensation

carrier whose coverage had no stated limits and a general liability carrier with a $500,000 limitation of liability were coinsurers for a $500,000 settlement paid to an injured party, as well as for defense costs incurred. The similarity of that case, however, ends there and the matter is completely distinguishable as at least one of the insurers' applicable "other insurance" clauses called for a division by equal share. As noted, here, both policies expressly reject equal division.

Defense costs should be apportioned on the basis of this same ratio, .6623 to North River and .3377 to United. As North River has a net credit of $6,076 in its favor with respect to defense costs ($6,826 minus $750), it is entitled to reimbursement of $2,051.87.

We also find it was an abuse of discretion under CPLR 5001 for the court to have denied North River interest on that portion of the settlement for which United is responsible, for the period between the date of payment by North River, July 26, 1982, and this court's determination of the prior appeal. United argues, and Supreme Court implicitly found, that there was no basis for United to have anticipated it being held responsible for any portion of the loss. There is no merit to this claim where the determination of the prior appeal had its roots in case law predating the July 1982 settlement *(Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co.,* 58 AD2d 397, *affd* 45 NY2d 551) and where North River, by letter of December 10, 1979, expressly advised United of its position that they were coinsurers of the then potential loss *(see also,* CPLR 5001 [b]). Further, the result is the only equitable one as, after all, United has had the use and benefit of its own funds for the last nine years, while North River has been out of pocket for the entire settlement amount. Were it necessary, we would find, based upon United's participation in the July 21, 1982 settlement proceeding, an implied agreement on United's part to pay North River interest upon any part of this settlement for which it was ultimately found to be responsible *(Aetna Cas. & Sur. Co. v Lumbermens Mut. Cas. Co.,* 152 AD2d 1003; *United States Fire Ins. Co. v Federal Ins. Co.,* 858 F2d 882, *cert denied* 490 US 1020).

Accordingly, the order of Supreme Court, New York County (David B. Saxe, J.), entered February 28, 1991, which granted plaintiff North River's motion for summary judgment and directed entry of judgment in its favor in the amount of $300,000 plus interest from July 27, 1989 and denied defendant United's cross motion for summary judgment, unani-

mously modified, on the law and the facts and in the exercise of discretion, to the extent of granting the cross motions for summary judgment to the extent of directing entry of judgment in North River's favor in the amount of $200,702.20 plus interest from July 26, 1982, otherwise denying the cross motions for summary judgment, and the order should be otherwise affirmed, without costs.

MURPHY, P. J., ELLERIN, KASSAL and SMITH, JJ., concur.

Order, Supreme Court, New York County, entered on February 28, 1991, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of granting the cross motions for summary judgment to the extent of directing entry of judgment in North River's favor in the amount of $200,702.20 plus interest from July 26, 1982, otherwise denying the cross motions for summary judgment, and the order should be otherwise affirmed, without costs.