■ YOUNG & RUBICAM L.P. et al., Appellants-Respondents, v GRAMERCY COURT ASSOCIATES et al., Respondents-Appellants. [663 NYS2d 579] —Order and judgment (one paper), Supreme Court, New York County (Edward Greenfield, J.), entered August 26, 1996, awarding plaintiffs $848,398.24, inclusive of interest, unanimously modified, on the law and the facts, to

add 1½% interest to the judgment, and otherwise affirmed, without costs.

Since the parties' Close-Out Agreement specifically provided for the method by which the disputed subcontractor's claim would be resolved and that the parties would then separately resolve their own dispute concerning their allocable shares, and since plaintiffs apparently conceded at trial that they were not damaged by defendants' settlement of the claim without their participation or consent, the trial court properly instructed the jury to determine the reasonable value of the disputed subcontractor's work to be allocated to plaintiff. Defendants would have been in the same relative position had they been required to justify the amount for which they ultimately settled the subcontractor's claim instead of the subcontractor's work in and of itself.

Since each of the parties' agreements specifically state the rate of interest to be paid by defendants on money they might have to refund to plaintiffs, neither equity nor the commercial context of the transactions implied an obligation to pay compound as opposed to straight interest (compare, Aetna Cas. & Sur. Co. v Lumbermens Mut. Cas. Co., 152 AD2d 1003). Moreover, plaintiffs specifically requested the trial court to add interest consistent with the Close-Out Agreement.

Since the Close-Out Agreement provided that there would be interest at the rate of 1½% per month on any funds owed thereunder from the date the funds are due, defendants should be required to pay 1½%, or one month's interest, on the judgment, which defendants satisfied approximately one month after it was entered.

We have reviewed the parties' remaining claims for affirmative relief and find them to be without merit. Concur—Wallach, J. P., Nardelli, Tom, Mazzarelli and Colabella, JJ.