■ In the Matter of Diana Wheeler, Claimant, v Blooming-dales et al., Respondents, and Special Disability Fund, Appellant. Workers' Compensation Board, Respondent. [940 NYS2d 186]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed May 11, 2010, which ruled, among other things, that the employer's workers' compensation carrier was entitled to reimbursement from the Special Disability Fund for deficiency compensation payments.

In 1992, claimant was injured at work and a claim for workers' compensation benefits was established. Although the employer's workers' compensation carrier filed a notice of claim for reimbursement from the Special Disability Fund (see Workers' Compensation Law § 15 [8]), liability of the Fund was not established. With the consent of the carrier, claimant subsequently settled a personal injury action in which the employer had been impleaded as a third-party defendant; liability of the Fund pursuant to Workers' Compensation Law § 15 (8) (d) was established approximately one year later. Subsequently, the Workers' Compensation Board ruled that, when the carrier consented to the settlement, it had failed to reserve its right to receive credit for deficiency compensation payments against claimant's net proceeds and, therefore, such credit was waived (see Workers' Compensation Law § 29 [4]).

In 2009, the carrier submitted a request for further action on the claim, alleging that the Fund was refusing to reimburse it despite the prior finding of the Fund's liability. A Workers' Compensation Law Judge found that the carrier was not entitled to reimbursement, but the Board rescinded that decision, finding that, because the Fund's liability had not been determined at the time of the settlement, the carrier was not required to obtain the Fund's consent to it. As a result, the Board further found that, although the Fund was not liable for reimbursement to the carrier for payments made beyond the statutory retention period, which were encompassed by the carrier's lien waiver, the carrier was nonetheless entitled to reimbursement by the Fund for deficiency compensation payments (see Workers' Compensation Law § 29 [4]). The Fund appeals.

The Board has previously determined that, where the liability of the Fund has been established prior to the settlement of a claimant's personal injury action, the carrier waives its right to reimbursement by the Fund if the Fund's consent to the settle-

ment is not obtained (*see e.g. Matter of Catapano v Jow, Inc.*, 91 AD3d 1018, 1018 [2012]; *Matter of Care Diagnostic Laboratory*, 2006 NY Wrk Comp LEXIS 2612, *4, 2006 WL 832793, *2 [WCB No. 29317021, Mar. 28, 2006]; *Matter of Brigotta Farmland*, 2006 NY Wrk Comp LEXIS 3343, *5-10, 2006 WL 1064007, *2-4 [WCB No. 80213739, Apr. 18, 2006]). Indeed, Workers' Compensation Law § 29 (5) requires the consent of the Fund to a settlement "if the deficiency of compensation would be payable from" the Fund. Here, however, while the carrier submitted a notice of claim for reimbursement from the Fund before the action was settled, the record reflects that the Fund's liability was not established by a Workers' Compensation Law Judge until nearly a year after the settlement had been reached. Because the issue of the Fund's liability had not been established at the time the settlement was reached, we find no basis upon which to disturb the Board's determination that the Fund's consent to the settlement was not necessary.

Finally, when it consented to claimant's settlement, the carrier neglected to reserve its offset rights under Workers' Compensation Law § 29 (4). Thus, as the Board found, the carrier is not entitled to reimbursement from the Fund for payments that it made beyond the statutory retention period until the time when claimant's proceeds from the settlement would have been exhausted. However, the Fund contends that *Matter of Bertone v La Cal Causle Corp.* (26 NY2d 147, 149 [1970]) mandates that the carrier may not be reimbursed at all because it was deemed to have waived its lien against a claimant's settlement. We disagree. In *Bertone*, the employer's workers' compensation carrier also provided the employer's liability insurance (*id.* at 149). As such, the carrier's "cash settlement as liability carrier was reduced by the total amount of payments made previously by it as compensation carrier" and, by acting in such "dual capacities," the carrier "was fully reimbursed for its compensation payments to claimant by having its payments as liability carrier correspondingly reduced" (*id.*). In that case, to allow the carrier to be reimbursed by the Fund would have resulted in a windfall to the carrier. However, that is not the case here. Accordingly, we find no reason to disturb the Board's determination that the carrier is entitled to reimbursement of deficiency compensation payments made by the carrier commencing at the time that claimant's settlement proceeds are exhausted.

Rose, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.