■   DANIEL SCAPARRO, Respondent, v. WESTERN ELECTRIC Co., INC., Appellant.— Judgment unanimously reversed on the law, the facts and in the exercise of discretion, the verdict vacated and a new trial granted, with $50 costs to defendant-appellant, unless plaintiff stipulates to accept $15,000 in lieu of the award by verdict, in which event the judgment is modified to that extent and, as so modified, affirmed, with $50 costs to defendant-appellant. Some of the court feel that the judgment might very well be reversed as against the weight of the credible evidence but all are agreed that any verdict in excess of $15,000 is not warranted on the record before us. Settle order on notice. Concur — Botein, P. J., Rabin, Valente, Steuer and Witmer, JJ.

■   JAMES GILLIGAN, Respondent, v. DIEBOLD, INC., Appellant.— Judgment unanimously reversed on the law, on the facts and in the exercise of discretion, the verdict vacated and a new trial granted, with $50 costs to defendant-appellant, unless plaintiff stipulates to accept $10,000 in lieu of the award by verdict, in which event the judgment is modified to that extent and, as so modified, affirmed, with $50 costs to appellant. In this personal injury negligence action it is evident that a jury verdict in excess of $10,000 is not warranted on the record. Settle order on notice. Concur — Botein, P. J., Rabin, Valente, Steuer and Witmer, JJ.

■   RAUL SOTO, Appellant, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant-Respondent, and UNITED STATES LIABILITY INSURANCE COMPANY, Respondent.— Order, entered on July 27, 1964, denying plaintiff's motion for summary judgment against both defendants, unanimously modified, on the law and in the exercise of discretion, to dismiss the complaint, and, as so modified, affirmed, without costs or disbursements to any party. This is not an action by the insured for a judgment declaring that his insurer must defend (see *Prashker* v. *United States Guar. Co.*, 1 N Y 2d 584), but an action by a person injured by the insured, for a judgment declaring that the defendant United States Liability Insurance Company must defend and provide protection for the insured under its policy of insurance to him or that the defendant MVAIC must provide protection to plaintiff as a qualified person under section 605 of the Insurance Law, and determining which one it shall be. The insured has not been named a party hereto, and of course could not be bound by any determination in the action. Beyond that, however, the action is premature. The plaintiff has not instituted an action against the insured. Thus, in several respects the case differs from *Curreri* v. *Allstate Ins. Co.* (37 Misc 2d 557) upon which plaintiff relies. The questions posed herein may be academic and there is no assurance that this action will serve a useful purpose (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3001.07). Thus, although the existence of other remedies is not decisive (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3001.10), under the circumstances of this case wherein the defendant insurer has disclaimed and plaintiff has allegedly given notice of claim to the defendant MVAIC, action for declaratory judgment is not an efficient judicial procedure in view of other available remedies better suited to the determination of plaintiff's essential cause of action. Appeal from order entered on September 17, 1964 unanimously dismissed, as academic, without costs and without disbursements. Concur — Breitel, J. P., Rabin, Valente, Eager and Witmer, JJ.

■   JOHN A. STEPHEN, Formerly Known as HANS AUGSTEIN, et al., Plaintiffs, v. ZIVNOSTENSKA BANKA, NATIONAL CORPORATION, Defendant, EDWIN B. WOLCHOK, as Permanent Receiver, Respondent, and ALEXANDER SLATER et al., Appellants.— Order, entered on November 17, 1964, unanimously affirmed, with $30 costs and disbursements, although not upon all the grounds set forth in the memorandum opinion at Special Term. Concur — Botein, P. J., Rabin, Valente, Eager and Bastow, JJ.