ADVANCED REFRIGERATION & APPLIANCE CO., INC., Appellant, *v.* INSURANCE COMPANY OF NORTH AMERICA, Respondent.

Third Department, November 15, 1973.

*Philip Korn* for appellant.

*Louis D. Broccoli* (*Maria DiGiovanna Horowitz* of counsel), for respondent.

GREENBLOTT, J. This is an appeal from an order of the Supreme Court at Special Term, entered August 22, 1972 in Ulster County, which denied plaintiff's motion to strike out defendant's answer and for summary judgment in its favor.

Plaintiff was engaged in the business of supplying and installing air conditioning and refrigeration systems. It was insured under a multiple liability-comprehensive liability policy issued by the defendant which included an indorsement for " products liability ". The policy also obligated defendant to defend any suit, regardless of whether it was groundless, false or fraudulent, if the insured might be subjected to liability for which there was coverage. During the period when this policy was in effect, plaintiff installed a refrigeration system on the premises of The Granit, Inc. (Granit), a resort hotel, and provided labor and materials therefor, for an agreed contract price of $2,779.50. Granit had paid only $1,579.50 when plaintiff instituted a lawsuit for the balance due of $1,200. In its answer, Granit set forth certain allegations which were denominated as counterclaims and affirmative defenses, claiming to have been damaged in the sum of $1,200. Plaintiff demanded that defendant defend it on the counterclaims, which demand was refused. Plaintiff now seeks to recover the legal fees incurred in the Granit litigation. While we recognize that the insurer's obligation to defend is of necessity broader than its obligation to pay (*Freedman, Inc.* v. *Glens Falls Ins. Co.,* 27 N Y 2d 364; *Goldberg* v. *Lumber Mut. Cas. Ins. Co. of New York,* 297 N. Y. 148), and that the insurer must defend whenever the complaint " alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy " (*Great Amer. Ins. Co.* v. *London Records,* 35 A D 2d 661, 662; see *Prashker* v. *United States Guar. Co.,* 1 N Y 2d 584), we are of the view that plaintiff was not exposed to any risk of products liability within any reasonable interpretation of the policy and the pleadings in the contract action.

" Products liability " as contemplated under the only reasonable interpretation which can be placed upon the policy issued to plaintiff, must be held to mean the liability arising when, as a result of a defect in a product, there is bodily injury, or damage to *some property* other than the product. In the action between plaintiff and Granit, plaintiff sought recovery on account for the balance of the purchase price for labor furnished and goods sold and delivered. The first " counterclaim " merely alleged that the refrigeration system failed to function. The second alleged a breach of the warranty of fitness for a particular purpose. As a result it was alleged that the refrigeration system was only worth the amount already paid, but that if it was worth the full contract price, Granit was " damaged " in the amount of $1,200, which represented expenses incurred in repair. Nowhere was it alleged that there was any damage to any other tangible property, particularly including but not limited to spoilage of foodstuffs such as were or might have been stored in the refrigerating unit. Thus, Granit was merely setting up a defense and claim of setoff in contravention of plaintiff's asserted right to payment. Granit was seeking to avoid its own liability; it certainly was not seeking to impose liability on plaintiff.

Lest there be any doubt, nevertheless, that coverage could not be found to exist here except under an unnatural reading of the policy, the exclusions contained therein provide conclusive evidence to the contrary. It is expressly provided that " this insurance does not apply: * * * (1) to property damage to the Named Insured's products "; or " (m) to property damage to work performed by * * * the Named Insured "; or " (n) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of the use of the Named Insured's products or work completed by * * * the Named Insured * * * if such products, work or property are withdrawn * * * from use because of any known or suspected defect ". It is our view that any of these three provisions by itself exclusively precludes coverage. Moreover, since the three provisions are not mutually exclusive when read together, they clearly spell out the intent of the policy that a malfunction in a product sold by an insured does not give rise to coverage where there is no damage to any other property, and this is true even where expenditures are incurred to withdraw, inspect, repair or replace the defective product.

The trial court relied primarily on paragraph (k) of the exclusions in determining that coverage was not exclusively

ruled out. While we agree that that provision by itself would not exclude coverage here under any set of facts which might be presented, dealing as it does with defects in " design, formula, plan [or] specifications ", the failure to consider the other exclusions was error. It is, of course, unnecessary for each exclusion to cover identical circumstances or situations.

Plaintiff asserts that Granit's pleadings alleged " negligence " giving rise to damage and therefore coverage did exist under the policy. We fail to see, however, how the use of the " negligence " label can alter the fact that there was no allegation of damage to other property. In *Freedman, Inc.* v. *Glens Falls Ins. Co.* (27 N Y 2d 364, *supra*) the Court of Appeals refused to permit a " shot-gun " allegation of negligence to create a duty to defend beyond that which the insurer could have anticipated when it issued the policy. The same result must be reached here. Thus, while Special Term properly refused to strike defendant's answer, it should have gone further and granted summary judgment to the defendant (CPLR 3212, subd. [b]).

The order should be modified, on the law, and summary judgment dismissing the complaint granted in favor of defendant, and, as so modified, affirmed, with costs to defendant.

STALEY, JR., J. P., SWEENEY, KANE and REYNOLDS, JJ., concur.

Order modified, on the law, and summary judgment dismissing the complaint granted in favor of defendant, and, as so modified, affirmed, with costs to defendant.