■ TEL-TRU MANUFACTURING CO., INC., Appellant, v NORTH RIVER INSURANCE COMPANY et al., Appellants, and HARTFORD CASUALTY INSURANCE Co. et al., Respondents. (Appeal No. 1.) — Order and judgment unanimously affirmed, without costs. Memorandum: Plaintiff is a manufacturer of thermometers, a quantity of which it shipped to its English agent, G.H. Zeal Ltd. (Zeal). The thermometers were sold by Zeal to another English corporation, Fusion Equipment Ltd. (Fusion) which claimed that it suffered loss as a result of

defects in the thermometers which it used as a component of another product. In this declaratory judgment action brought against two of plaintiff's insurers, the insurance broker who sold the policies to plaintiff, and the broker's errors and omissions insurer, plaintiff seeks only a declaration of the rights and legal relationships of the parties pursuant to CPLR 3001. The complaint states five causes of action. The first alleges breaches of the contracts of insurance by the two insurers of plaintiff by reason of their disclaimers of liability. The second alleges that these insurers were negligent in failing to investigate the claims and to participate in settlement negotiations. The third alleges that the broker was negligent in failing to obtain all the coverage necessary fully to protect plaintiff from loss. The fourth alleges that plaintiff was the third-party beneficiary of the broker's errors and omissions policy. The fifth alleges that the broker's errors and omissions insurer was negligent in failing to investigate the claims against plaintiff and to participate in their settlement. By three separate orders, Special Term granted summary judgment to defendants Hartford Insurance Group and Hartford Casualty Insurance Company (Hartford), dismissed the summons and complaint as against them and declared that Hartford had no obligation to defend or indemnify plaintiff; denied the cross motion of plaintiff's other insurer, the North River Insurance Company (North River), for summary judgment and dismissal of the complaint; denied the motion of the broker, John T. Brandt, to dismiss the complaint for failure to state a cause of action, and granted the motion of the broker's errors and omissions carrier, Utica Mutual Insurance Company (Utica Mutual), for summary judgment and dismissed the complaint against it. All parties, except Hartford, appeal from one or more of the orders or parts thereof. The policy territory provisions in the Hartford policy and in North River's Policy No. ML 22 14 91 are clear and unambiguous. Since the damage alleged in the underlying claim did not occur within the policy territory of either policy, coverage should be denied (*Leudemann v Prudential Prop. & Cas. Ins. Co.*, 51 NY2d 828). Exclusions from coverage contained in North River's Policy No. 523 007383 5 are similarly unambiguous. In addition to other exclusions claimed to be applicable here, the policy excludes coverage for "damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the insured's products or work completed by or for the insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein". This provision clearly excludes coverage for the underlying claim (see *Advanced Refrig. & Appliance Co. v Insurance Co. of North Amer.*, 42 AD2d 484). Plaintiff contends that even though coverage is excluded, Hartford and North River should be estopped from disclaiming because each failed timely to do so. In this regard, plaintiff's reliance on subdivision 8 of section 167 of the Insurance Law is misplaced; there is no death or bodily injury claimed here. Where coverage is not provided in the policy, the insurer will be estopped from denying coverage only when its actions have prejudiced the insured (*Zappone v Home Ins. Co.*, 55 NY2d 131; *Schiff Assoc. v Flack*, 51 NY2d 692; *Moore Constr. Co. v United States Fid. & Guar. Co.*, 293 NY 119; *Sears Oil Co. v Merchants Ins. Group*, 88 AD2d 753). Since plaintiff has shown no conduct by Hartford or North River resulting in prejudice to plaintiff, North River as well as Hartford should have been awarded summary judgment on plaintiff's first cause of action and judgment should have been entered declaring that North River has no duty to defend or indemnify plaintiff. That being so, plaintiff's second cause of action should be dismissed. Plaintiff's third cause of action asserting the negligence or malpractice of Brandt is inappropriate to an action for declaratory judgment and

should have been dismissed (see *Walsh v Andorn,* 33 NY2d 503, mod 34 NY2d 753; *Goodman & Co. v New York Tel. Co.,* 309 NY 258; *Aetna Cas. & Sur. Co. v Lauria,* 54 AD2d 183). Finally, the obligations of Utica Mutual to defend and/or indemnify are wholly dependent upon the assertion of a claim in proper form against Brandt and thus the complaint did not state a cause of action against Utica Mutual. It was properly dismissed (see *Soto v MVAIC,* 23 AD2d 728). (Appeals from order and judgment of Supreme Court, Monroe County, Curran, J. — summary judgment.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.