■ CLAROSTAT MFG. CO., INC., Appellant, v TRAVELERS INDEMNITY COMPANY et al., Respondents.—Judgment, Supreme Court, New York County (Wallach, J.), entered October 22, 1984, which, in an action for a declaratory judgment, denied plaintiff's motion for summary judgment; granted defendants' cross motion for summary judgment; and, declared that defendants had no duty to defend, indemnify, or reimburse plaintiff for plaintiff's settlement of a products liability action, reversed, on the law, with costs, defendants' motion for sum-

mary judgment is denied, plaintiff's motion for summary judgment is granted to declare that defendants were obligated to defend the underlying action and are obligated to indemnify and reimburse plaintiff for its settlement of the products liability action brought by Alcor Aviation, Inc., and judgment is to be entered in favor of plaintiff for $92,232.78, plus interest, costs and disbursements.

The issue presented on this appeal is whether, under the terms of several insurance policies defendants, the Travelers Insurance Company and Travelers Indemnity Company (hereinafter referred to as Travelers), are legally obligated to compensate plaintiff Clarostat Mfg. Co. (Clarostat) for damages, attorneys' fees, and costs incurred in defending and settling a products liability action. Plaintiff Clarostat is a manufacturer of potentiometers, and sold approximately 5,500 to Alcor Aviation, Inc. (Alcor), a manufacturer of aviation instruments, for use by Alcor in its exhaust gas temperature gauges. The gauges were primarily intended for sale to manufacturers of piston engine airplanes. Alcor subsequently sued Clarostat in Texas State Court for alleged breach of express and implied warranty of fitness for use. During the pendency of its appeal from an adverse judgment, plaintiff Clarostat commenced this action for a declaratory judgment against Travelers. By decision reported at 544 SW2d 788, the Texas Court of Civil Appeals reversed the judgment for $85,861 entered on the jury verdict in Alcor's favor, and remanded the case for a new trial. Clarostat then settled the Texas lawsuit for $50,000.

Travelers determined to disclaim liability based upon policy exclusions (n) and 8000 (e).* Special Term granted summary judgment to Travelers in this action finding that Alcor's claim came within the ambit of exclusion (n) which exclusion provides: "This insurance does not apply * * * to *damages* claimed for the withdrawal, inspection, repair, replacement, or loss of use of the *named insured's products* or work completed by or for the *named insured* or of any property of which such products or work form a part, if such products, work, or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein." The court, relying upon *Tel-Tru Mfg. Co. v North Riv. Ins. Co.* (90 AD2d 670) and *Advanced Refrig. & Appliance Co. v Insurance*

---

* The referenced exclusion number may differ in the policies issued. The exclusion language, however, is identical to the language of exclusions (1) and 8000 (E), respectively.

*Co. of N. Am.* (42 AD2d 484), interpreted this provision to exclude coverage when a party other than the named insured withdraws the product from the market based upon its alleged malfunction. We disagree, and reverse to grant summary judgment to plaintiff.

Special Term's determination is contrary to the rule enunciated by the Court of Appeals in *Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.* (34 NY2d 356). There the court held (p 361) such broad construction of an identical exclusionary clause "would appear to exclude what, as a practical matter, would be some of the largest forseeable elements of * * * damage[s] * * * [and], in the absence of claims for damages resulting from consumer injury, would render the coverage nearly illusory." In our view, *Tel-Tru Mfg. Co. v North Riv. Ins. Co. (supra),* and *Advanced Refrig. & Appliance Co. v Insurance Co. of N. Am. (supra),* reach a result contrary to the Court of Appeals holding in *Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co. (supra).*

Special Term did not consider the effect of exclusionary clause 8000 (E). In any event, we find this exclusion inapplicable as well. Exclusion 8000 (E) states "It is hereby understood and agreed that product liability coverage is not afforded for any of the insured's products used in any aircraft or missiles." It is fundamental that ambiguities in an insurance contract are construed against the insurer-draftsman. *(Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., supra,* p 361.) An insurer must use clear and unmistakable language to exclude coverage from its policy obligations. *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311.) It is patent on the record that none of the approximately 5,500 potentiometers were shown to have been actually used in any aircraft. If Travelers Indemnity desired Exclusion 8000 (E) to extend to products intended for use in airplanes, and not only to those products actually used in airplanes, it could have specifically so provided in the policy. Exclusion 8000 (E), as framed, clearly contemplates only damages resulting from mass disaster caused by a defective product in an airplane. Thus, Travelers Indemnity should have defended plaintiff in the Texas litigation, and is liable for the cost of plaintiff's defense in the amount of $42,232.78.

Travelers' contention that a factual issue exists as to the reasonableness of the settlement and the amount thereof is devoid of merit. The record and the Texas appellate court's decision clearly indicate the reasonableness of the settlement. Clarostat's prospects on retrial were not so favorable as to warrant foregoing an opportunity both to settle for a 45%

reduction in the vacated judgment and to terminate further attorneys' fees. Concur—Kupferman, J. P., Sandler, Asch, Fein and Rosenberger, JJ.