**The NORTH RIVER INSURANCE COMPANY, Plaintiff,**

v.

**DUTCHESS COUNTY, et al., Defendants.**

**No. 93 Civ. 5657 (VLB).**

United States District Court,
S.D. New York.

Jan. 17, 1995.

---

John C. Grosz, Vedder, Price, Kaufman, New York City, for plaintiff.

Timothy P. Coon, Bleakley Platt & Schmidt, White Plains, NY, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Plaintiff North River Insurance Company ("North River") has moved for summary

judgment declaring that it is not obligated to defend or indemnify the defendant Dutchess County (the "County") under the County's policy with North River with respect to allegations of improper law enforcement conduct asserted in *Fodelmesi v. Schepperly,* 87 Civ. 6762.

North River's motion is denied.

### II

North River's responsibility to pay damages awarded against the County in *Fodelmesi* turns upon whether or not an "occurrence" triggering potential liability on the part of the County for false arrest, prosecution or imprisonment occurred during North River's policy's coverage, beginning in 1986. The first steps taken by the County against Fodelmesi (the plaintiff in the underlying action) were initiated in 1984; Fodelmesi was ultimately released from custody after the North River policy took effect.

■ When and whether a single date of "occurrence" can be assigned to a series of events or whether they continue so long as their consequences cause additional effects is a pragmatic one under New York law; all relevant circumstances must be considered See numerous authorities cited, *E.R. Squibb & Sons v. Accident & Cas. Co.,* 853 F.Supp. 98 (S.D.N.Y.1994) (involving the pharmaceutical product DES).

To ignore potentially decisive aspects by artificially focusing exclusively upon one aspect (unless called for by a *per se* rule of application which makes sense under the circumstances[1]) is to fall into what is sometimes called the fallacy of disaggregation. See *Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 707, 82 S.Ct. 1404, 1414, 8 L.Ed.2d 777 (1962); Tushnet, "Book Review," 82 Colum.L.Rev. 1531, 1536–39 (1982).

A *per se* rule can promote predictability and judicial efficiency when based upon prac-

---

**1.** See *Broadcast Music v. CBS,* 441 U.S. 1, 99 S.Ct. 1551, 60 L.Ed.2d 1 (1978); *Tedla v. Ell-* *man,* 280 N.Y. 124, 19 N.E.2d 987 (1939).

tical necessity or experience, and may crystallize as a result of what Harlan F. Stone called "the steady pressure of facts and events." Stone, *Law and Its Administration* 37, 45 (1915). No such fixed rule in regard to defining an "occurrence" for purpose of insurance coverage has been adopted by the New York courts.

■ In *Squibb*, factual analyses of what takes place when DES is ingested were available and largely undisputed. In the present instance, however, no reliable factual material concerning Fodelmesi's actual treatment by the County or justification for such treatment is available, nor is such information likely to be available prior to adjudication of the merits of the underlying action.

In some instances in cases applying the law of other states, the filing of a complaint triggers all relevant subsequent events with sufficient inevitability to make the filing of the complaint the sole "occurrence" for purposes of dating insurance coverage. See, e.g., *Ethicon v. Aetna*, 688 F.Supp. 119 (S.D.N.Y.1988) (New Jersey law).

In other instances, post-arrest facts may lead to alleged tortious failure to release a prisoner. It is quite possible, for example, that Fodelmesi was properly arrested and even prosecuted but improperly held after one or both events because of subsequently discovered information. See generally *Williams v. County of Sullivan*, 157 F.R.D. 6 (S.D.N.Y.1994). The likelihoods that any one of these and other possible outcomes will be found at trial cannot be predicted on currently available facts.

### III

Under the circumstances, it would be impossible to settle the legal relations of the parties with the reliability necessary for declaratory judgment. *Continental Casualty Co. v. Coastal Savings Bank*, 977 F.2d 734 (2d Cir.1992). The same circumstances make it impossible to grant summary judgment for either party in this insurance litigation at present. To attempt to do so would require pre-trying the merits of the underlying action to determine when, if ever, actionable occurrences took place, with the possibility of differing outcomes as well as a waste of resources of the parties and the court contrary to the goals of Fed.R.Civ.P. 1 as amended in 1993. See *Insurance Co. of North America v. Vermont Co.*, 835 F.Supp. 176 (D.Vt.1993).

### IV

■ North River's motion for summary judgment as to defense costs is denied for the further reason that unless an underlying tort complaint is "subject to no other interpretation" than lack of coverage, the carrier is liable for defense costs in a policy providing such coverage (which North River does not deny its policy does). *Baron v. Home Ins. Co.*, 112 A.D.2d 391, 392, 492 N.Y.S.2d 50 (2d Dept. 1985); authorities cited, *E.R. Squibb & Sons v. Accident & Casualty Ins. Co.*, 1992 WL 133899, 1992 US Dist LEXIS 6255 (SDNY Dkt No 82 Civ 7327, April 22, 1992). Since there is a reasonable possibility that the facts developed upon adjudication of the underlying *Fodelmesi* action will support the County's claims for indemnity under North River's policy, summary judgment exonerating North River from defense costs cannot be granted.

### V

■ North River's assertion that other carriers should shoulder a given portion of liability to the County is not properly before the court since those other carriers were not made parties to North River's suit. To expect the County to anticipate and articulate all of their possible contentions would be unrealistic.

North River appears to have been aware of the County's claim by 1987 but filed the current suit in 1993, long after the County could have made further claims against other insurers. No adequate reason for the delay has been provided. See generally *Tel–Tru Mfg. Co. v. North River*, 90 A.D.2d 670, 671, 456 N.Y.S.2d 287 (4th Dept. 1982); *Consolidated Edison v. Hartford Ins. Co.*, 203 A.D.2d 83, 610 N.Y.S.2d 219, 221 (1st Dept. 1994); *Bourne Co. v. Tower Records*, 976 F.2d 99 (2d Cir.1992); *Robins Island Preservation Fund v. Southold Development Corp.*, 959 F.2d 409, 421–25 (2d Cir.), *cert. de-*

*nied* —— U.S. ——, 113 S.Ct. 603, 121 L.Ed.2d 539 (1992).

SO ORDERED.